ACCEPTED
04-16-00209-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/12/2016 2:17:55 PM
KEITH HOTTLE
CLERK

**CASE NO. 04-16-00209-CV**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

08/12/2016 2:17:55 PM

KEITH E. HOTTLE
Clerk

**IN THE**

**COURT OF APPEALS**

**FOR THE FOURTH DISTRICT**

**SAN ANTONIO, TEXAS**

**CANDELARIA GARCIA—*Appellant***

**v.**

**STATE FARM LLOYDS and SYLVIA GARZA—*Appellees***

**APPELLEES' BRIEF**

Dan K. Worthington    SBN 00785282
*dkw@atlashall.com*
Sofia A. Ramon          SBN 00784811
*sramon@atlashall.com*
Elizabeth Cantu          SBN 24013455
*ecantu@atlashall.com*
**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 telephone
(956) 686-6109 telecopier

Linda J. Burgess          SBN 03381300
*lburgess@winstead.com*
Elliot Clark          SBN 24012428
*eclark@winstead.com*
**WINSTEAD PC**
401 Congress Ave., Suite 2100
Austin, Texas 78701
(512) 370-2800 telephone
(512) 370-2850 telecopier

**ATTORNEYS FOR APPELLEES**
**ORAL ARGUMENT REQUESTED**

CASE NO. 04-16-00209-CV

IN THE

COURT OF APPEALS

FOR THE FOURTH DISTRICT

SAN ANTONIO, TEXAS

CANDELARIA GARCIA—*Appellant*

v.

STATE FARM LLOYDS and SYLVIA GARZA—*Appellees*

APPELLEES' BRIEF

TO THE HONORABLE COURT OF APPEALS:

Appellees, State Farm Lloyds ("State Farm") and Sylvia Garza, ask the Court to affirm the trial court's judgment that Appellant Candelaria Garcia ("Garcia") take nothing.

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

INTRODUCTION .......................................................................................... xi

STATEMENT OF THE CASE......................................................................... xii

RESPONSE ISSUES PRESENTED ................................................................ xiii

STATEMENT OF FACTS ................................................................................1

SUMMARY OF THE ARGUMENT ..................................................................4

ARGUMENT ...................................................................................................7

    I.     The summary judgment grounds are broad enough to contemplate Garcia's later-pled defense to set aside the appraisal award, and State Farm was not required to pre-emptively negate Garcia's defense. .......7

    II.    No material fact issues existed.............................................................11

    III.   Garcia cannot avoid summary judgment by choosing not to cash her appraisal award check. ......................................................................16

    IV.   Under Texas law, the fact that an appraisal award is greater than an earlier estimate is no evidence of a breach of contract. ......................21

    V.    Payment of the appraisal award disposes of Garcia's prompt payment claims as a matter of law. ...............................................................22

        A.    The overwhelming majority of courts have found that TPPCA claims do not survive payment of an appraisal award ..............23

        B.    *Graber* relies on distinguishable authority that did not involve appraisal ...........................................................................25

        C.    The facts here are distinguishable from *Graber* ......................27

        D.    Garcia has not raised a fact issue ............................................28

    VI.   Without a valid breach of contract claim, all of *Garcia's* extra-contractual claims fail. .............................................................28

CONCLUSION AND PRAYER .........................................................................34

CERTIFICATE OF COMPLIANCE.................................................................36

# TABLE OF AUTHORITIES

CASES                                                                      PAGE(S)

*AKB Hendrick, LLP v. Musgrave Enters.*,
   380 S.W.3d 221 (Tex. App.—Dallas 2012, no pet.) ............................................9

*Amine v. Liberty Lloyds of Tex. Ins.*,
   No. 01-06-00396-CV, 2007 Tex. App. LEXIS 6280 (Tex. App.—
   Houston [1st Dist.] 2007, no pet.)....................................................................25

*Anderson v. American Risk Ins. Co.*,
   No. 01-15-00257-CV, 2016 Tex. App. LEXIS 6538 (Tex. App.—
   Houston [1st Dist.] June 21, 2016, no pet. h.) ............................................passim

*Barry v. Allstate Tex. Lloyds*,
   No. 4:14-cv-00870, 2015 U.S. Dist. LEXIS 40953 (S.D. Tex. Mar. 31,
   2015) ...................................................................................................5, 24, 32

*Bernstein v. Safeco Ins. Co. of Ill.*,
   No. 05-13-01533-CV, 2015 Tex. App. LEXIS 6699 (Tex. App.—Dallas,
   June 30, 2015, no pet.)....................................................................................25

*Bluebonnet Petroleum, Inc. v. Kolkhorst Petroleum Co.*,
   No. 14-07-00380-CV, 2008 Tex. App. LEXIS 7724 (Tex. App.—
   Houston [14th Dist.] Oct. 9, 2008, pet. denied)................................................15

*Blum's Furniture Co. v. Certain Underwriters at Lloyds London*,
   No. H-09-3479, 2011 U.S. Dist. LEXIS 20604 (S.D. Tex. March 2, 2011)
   *affirmed by* 459 Fed. Appx. 366 (5th Cir. 2012) ................................................23

*Blum's Furniture Co. v. Certain Underwriters at Lloyds London*,
   459 Fed. Appx. 366 (5th Cir. 2012)............................................................passim

*Breshears v. State Farm Lloyds*,
   155 S.W.3d 340 (Tex. App.—Corpus Christi 2004, pet. denied) ...............passim

*Burks v. Metro Lloyds Ins. Co. of Tex.*,
   No. H-14-591, 2015 U.S. Dist. LEXIS 88729
   (S.D. Tex. July 8, 2015)...................................................................5, 24, 29, 32

*Cameron Int'l Corp. v. Liberty Ins. Underwriters, Inc. (In re Deepwater
   Horizon)*, 807 F.3d 689 (5th Cir. 2015).......................................................30, 31

*Cantu v. S. Ins. Co.*,
No. 03-14-00533-CV, 2015 Tex. App. LEXIS 8847 (Tex. App.—Austin
Aug. 25, 2015, no pet.) ....................................................................................11

*Caso v. Allstate Tex. Lloyds*,
No. 7:12-CV-478, 2014 U.S. Dist. LEXIS 15279 (S.D. Tex. Feb. 7,
2014) ..................................................................................................passim

*Cater v. United Servs. Auto. Ass'n,*
27 S.W.3d 81 (Tex. App.—San Antonio 2000, pet. denied).............................26

*Cavazos v. State Farm Lloyds*,
No. 7:13-CV-00252 (S.D. Tex. Oct. 27, 2015) ......................................24, 31, 32

*Cavazos v. State Farm Lloyds*,
No. 7:14-CV-395, 2015 U.S. Dist. LEXIS 163287 (S.D. Tex. Dec. 4,
2015) ................................................................................................................31

*Church on the Rock North v. Church Mut. Ins. Co.*,
No. 3:10-CV-0975-L, 2013 U.S. Dist. LEXIS 17849 (N.D. Tex. Feb. 11,
2013) ..........................................................................................................18, 19

*Cissne v. Robertson*,
82 S.W.2d 912, 918 (Tex. App.—Dallas 1989, writ denied)..............................8

*Continental Ins. Co. v. Guerson,*
93 S.W.2d 591 (Tex. Civ. App.—San Antonio 1936, writ dism'd) ..................12

*Cook Composites v. Westlake Styrene Corp*.,
15 S.W.3d 124 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd)...............10

*Corpus v. State Farm Lloyds*,
No. 7:14-CV-00383 (S.D. Tx. Oct. 27, 2015) ..................................................24

*Devonshire Real Estate & Asset Management, L.P. v. American Insurance
Co.*, No. 3:12-CV-2199-B,
2014 U.S. Dist. LEXIS 135939 (N.D. Tex. Sep. 26, 2014) ...................18, 19, 20

*Dizdar v. State Farm Lloyds*,
No. 7:14-CV-402, 2016 U.S. Dist. LEXIS 13355 (S.D. Tex. Feb. 4,
2016) ................................................................................................................32

*Dizdar v. State Farm Lloyds*,
No. 7:14-CV-514, 2016 U.S. Dist. LEXIS 49839 (S.D. Tex. Apr. 13, 2016) ...............................................................................................32

*Dizdar v. State Farm Lloyds*,
No. 7:14-CV-664, 2016 U.S. Dist. LEXIS 20871 (S.D. Tex. Feb. 22, 2016) ...............................................................................................32

*Douglas v. State Farm Lloyds*,
37 F.Supp.2d 532 (S.D. Tex. 1999) ....................................................32

*Farah v. Magrige & Kormanik*,
927 S.W.2d 663 (Tex. App.—Houston [1st Dist.] 1996, no writ) ..................8, 9

*Fitzhugh 25 Partners, L.P. v. KILN Syndicate*,
501, 261 S.W.3d 861 (Tex. App.—Dallas 2008, pet. denied)..........................20

*Franco v. Slavonic Mut. Fire Ins.*,
154 S.W.3d 777 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ... xi, 5, 11, 19

*Gabriel v. Allstate Texas Lloyds*,
No. 7:13-CV-181, 2013 U.S. Dist. LEXIS 186032 (S.D. Tex. Nov. 1, 2013) .............................................................................passim

*Gardner v. State Farm Lloyds*,
76 S.W.3d 140 (Tex. App.—Houston [1st Dist.] 2002, no pet.)..........................5

*Graber v. State Farm Lloyds*,
No. 3:13-CV-2671-B, 2015 U.S. Dist. LEXIS 77361 (N.D. Tex. June 15, 2015) *reconsideration denied* (August 6, 2015)..............................23, 24, 25, 27

*Gronik v. Chubb Indem. Ins. Co.*,
10-CV-954, 11-CV-697, 2015 U.S. Dist. LEXIS 157266
(E.D. Wis. Nov. 20, 2015) ...............................................................13

*Guerra v. State Farm Lloyds*,
No. 7:14-CV-00381 (S.D. Tex. Oct. 27, 2015) .................................................24

*Gulf Ins. Co. of Dallas v. Pappas,*
73 S.W.2d 145 (Tex. Civ. App.—San Antonio 1934, writ ref'd).......................12

*Hernandez v. Allstate Texas Lloyds*,
　　No. 7:12-CV-480, 2014 U.S. Dist. LEXIS 15276 (S.D. Tex. Feb. 7,
　　2014) ...................................................................................................19, 24

*Higginbotham v. State Farm Mutual Automobile Ins. Co.*,
　　103 F.3d 456 (5th Cir. 1997) .........................................25, 26, 27, 32

*Home Ins. Co. v. Walter,*
　　230 S.W. 723 (Tex. Civ. App.—Dallas 1921, no writ)......................................12

*Hudgens v. Allstate Texas Lloyd's*, No. H-11-2716,
　　2012 U.S. Dist. LEXIS 97446 (S.D. Tex. July 13, 2012) ......................11, 12, 13

*In re Allstate County Mut. Ins. Co.*,
　　85 S.W.3d 193 (Tex. 2002)................................................................................10

*In re Slavonic Mut. Fire Ins. Ass'n*,
　　308 S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ...... 23, 24, 25

*Judwin Prop., Inc. v. Griggs & Harrison*,
　　911 S.W.2d 498 (Tex. App.—Houston [1st Dist.] 1995, no writ) .......................8

*Key Life Ins. Co. of S.C. v. Davis*,
　　509 S.W.2d 403 (Tex. Civ. App.—Beaumont 1974, no writ)............................26

*Lampasas v. Spring Center, Inc.*,
　　988 S.W.2d 428 (Tex. App.—Houston [14th Dist.] 1999, no pet.) .................8, 9

*Liberty National Fire Insurance. Co. v. Akin*,
　　927 S.W.2d 627 (Tex. 1996) .......................................................................28, 29

*Lumbermens Mut. Cas. Co. v. Klotz*,
　　251 F.2d 499 (5th Cir. 1958) .............................................................................26

*Lundstrom v. USAA,*
　　192 S.W.3d 78 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).....5, 11, 14

*Mackie v. McKenzie*,
　　900 S.W.2d 445 (Tex. App.—Texarkana 1995, writ denied) .............................8

*Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*,
　　906 F. Supp. 2d 642 (S.D. Tex. 2012).....................................................6, 24, 32

*McIntyre v. Wilson*,
50 S.W.3d 674 (Tex. App.—Dallas 2001, pet. denied)..........................................7

*Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*,
No. H-09-3828, 2011 US. Dist. LEXIS 82846 (S.D. Tex. July 27, 2011).........24

*Michels v. Safeco Ins. Co. of Ind.*,
544 Fed. Appx. 535 (5th Cir. 2013)..............................................................5, 16

*Michels v. Safeco Ins. Co. of Indiana*,
No. A-12-CA-511-SS (W.D. Tex. March 13, 2013) *affirmed by* 544 Fed.
Appx. 535, 542-543 (5th Cir. 2013) ................................................................24

*MLCSV10 v. Stateside Enters.*,
866 F. Supp. 2d 691 (S.D. Tex. 2012).....................................................11, 13, 16

*Moore v. Allstate Texas Lloyds*,
No. 7:12-CV-479, 2014 U.S. Dist. LEXIS 15277 (S.D. Tex. Feb. 7,
2014) ..............................................................................................................19, 24

*O'Quinn v. Gen. Star Indem. Co.*,
No. 1:13-CV-471, 2014 U.S. Dist. LEXIS 107484 (E.D. Tex. Aug. 5,
2014) ......................................................................................................................33

*Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*,
877 S.W.2d 872 (Tex. App—San Antonio 1994, no writ)................. xi, 4, 14, 34

*Providence Wash. Ins. Co. v. Farmers Elevator Co.*,
141 S.W.2d 1024 (Tex. Civ. App.—Amarillo 1940, no writ)...........................12

*Provident Am. Ins. Co. v. Castaneda*,
988 S.W.2d 189 (Tex. 1998) ...............................................................................30

*Quibodeaux v. Nautilus Ins. Co.*,
No. 1:10-CV-739, 2015 U.S. Dist. LEXIS 39324 (E.D. Tex. Mar. 10,
2015) aff'd by 2016 U.S. App. LEXIS 12643 (5th Cir. Jul. 7, 2016)................24

*Republic Ins. Co. v. Stoker*,
903 S.W.2d 338 (Tex. 1995) .........................................................28, 29, 31, 32

*Richardson East Baptist Church v. Philadelphia Indemnity Ins. Co.*,
No. 05-14-01491-CV, 2016 Tex. App. LEXIS 3267 (Tex. App.—Dallas
March 30, 2016)......................................................................................................5

*Rios v. State Farm Lloyds*,
 No. 7:13-CV-00187 (S.D. Tex. Aug. 17, 2015) ....................................................24

*Russell v. Scottsdale Ins. Co.*,
 No. 4:10-CV-3057, 2014 U.S. Dist. LEXIS 143882 (S.D. Tex. Sept. 30,
 2014) .................................................................................................................5, 32

*Saenz v. J.D. Rodriguez Produce & Trucking Co.*,
 No. 04-99-00867-CV, 2000 Tex. App. LEXIS 8596 (Tex. App.—San
 Antonio Dec. 29, 2000, pet. denied)....................................................................15

*Scalise v. Allstate Texas Lloyds*,
 No. 7:13-CV-178, 2013 U.S. Dist. LEXIS 179692 (S.D. Tex. Dec. 20,
 2013) ...............................................................................................................passim

*Smith v. Heard*,
 980 S.W.2d 693 (Tex. App.—San Antonio 1998, pet. denied)......................8, 10

*Solis v. State Farm Lloyds*,
 No. 7:13-cv-00149 (S.D. Tex. Oct. 27, 2015) .....................................................24

*Spicewood Summit Office Condominiums Ass'n, Inc. v. Amer. First Lloyd's
 Ins. Co.*,
 287 S.W.3d 461 (Tex. App.—Austin 2009, pet. denied) .....................................32

*Stewart v. Geovera Specialty Ins. Co.*,
 No. H-14-3162 (S.D. Tex. October 21, 2015)......................................................24

*Strasser v. Sulzer Medica U.S.A., Inc.*,
 No. 01-01-00610-CV, 2002 Tex. App. LEXIS 5463 (Tex. App.—
 Houston [1st Dist.] July 25, 2002, pet. denied) ..............................................8, 10

*Studer v. State Farm Lloyds*,
 No. 4:13-CV-413, 2016 U.S. Dist. LEXIS 99883 (E.D. Tex. July 29,
 2016) .....................................................................................................................24

*Tabor v. State Farm Lloyds*,
 No. 7:14-cv-389 (S.D. Tex. April 9, 2015) .....................................................23, 24

*Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*,
 324 S.W.3d 305 (Tex. App.—El Paso 2010, pet. denied)...................................32

*Texas Dep't. of Pub. Safety v. Mendoza*,
   952 S.W.2d 560 (Tex. App.—San Antonio 1997, no writ)................................12

*TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*,
   730 F.3d 466 (5th Cir. 2013) ........................................................................16

*Toonen v. United Servs. Auto Ass'n*,
   935 S.W.2d 937 (Tex. App.—San Antonio 1996, no writ).......................xi, 4, 18

*Tremago, L.P. v. Euler-Hermes Am. Credit Indem. Co.*,
   602 Fed. Appx. 981 (5th Cir. 2015)..................................................... 25, 26, 27

*USAA Texas Lloyds Co. v. Menchaca*,
   No. 13-13-00046-CV, 2014 Tex. App. LEXIS 8250 (Tex. App.—Corpus
   Christi July 31, 2014, pet. filed) (mem. op.) ......................................................30

*United National Insurance Co. v. AMJ Investments, LLC*
   447 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2014, pet dism'd)..................29

*United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*,
   101 F. Supp. 3d 584 (S.D. Tex. 2015), affirmed by 624 Fed. Appx. 225
   (5th Cir. 2015).......................................................................................17, 19, 24

*Vail v. Texas Farm Bureau Mutual Ins. Co.*,
   754 S.W.2d 129 (Tex. 1988) ...........................................................................33

*Villanueva v. State Farm Lloyds*,
   No. 7:13-CV-00601 (S.D. Tex. Oct. 27, 2015) .................................................24

*Waite Hill Services, Inc. v. World Class Metal Works, Inc.*,
   959 S.w.2d 182 (Tex. 1998) .............................................................................33

*Walters v. Metro Lloyds Ins. Co.*,
   4:16-CV-307, 2016 U.S. Dist. LEXIS 91244 (E.D. Tex. July 14, 2016)...........33

*Waterhill Cos. v. Great Am. Assur. Co.*,
   No. H-05-4080, 2006 U.S. Dist. LEXIS 15302 (S.D. Tex. March 16,
   2006) ...............................................................................................................5, 24

*Wells v. American States Preferred Ins. Co.*,
   919 S.W.2d 679 (Tex. App.—Dallas 1996, writ denied) ..................................14

**STATUTES**

Chapter 541 of the Texas Insurance Code ...........................................................x, 32

Chapter 542 of the Texas Insurance Code ......................................... xii, x, 7, 22, 28

**OTHER AUTHORITIES**

Brad E. Brewer & James W. Holbrook, II, *Graber v. State Farm Is a Texas Prompt Payment Outlier*, Law 360, August 10, 2015, http://www.law360.com/articles/686001/graber-v-state-farm-is-a-texas-prompt-payment-outlier  (last visited July 28, 2016) .........................................25

# **INTRODUCTION**

This is a hail case that was resolved by the contractual appraisal process. Broadly speaking, the appraisal provision allows either party to invoke a process in which the amount of the loss is determined by agreement of appraisers selected by the insured and insurer and, if necessary, an umpire jointly chosen and mutually agreed to by the appraisers or appointed by the court. Garcia made a claim for damage to her house under her State Farm Homeowners Policy. State Farm found damage that was below the Policy deductible. Garcia disagreed and filed a lawsuit. State Farm invoked the appraisal provision in the Policy. Garcia appointed an appraiser, as did State Farm, and the parties proceeded to appraisal without objection. The appraisers agreed on the amount of loss without the need for an umpire. State Farm paid the appraisal award within three (3) business days of receipt. State Farm then moved for summary judgment on the broadly stated ground that "payment of the appraisal award resolves and disposes of all claims in this lawsuit." Before the summary judgment hearing, and following a hearing on Garcia's Motion for Continuance of the summary judgment, Garcia amended her petition to request, for the first time, that the appraisal award be set aside, and then argued to postpone the trial court's ruling on the dispositive appraisal issues based on her new defense. The court heard arguments and, after reviewing the briefing, granted the summary judgment.

# STATEMENT OF THE CASE

Nature of the Case:       In connection with an insurance claim for damage to her dwelling, Plaintiff Candelaria Garcia asserted causes of action against Defendants State Farm and Sylvia Garza for breach of contract, bad faith, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the DTPA. Garcia later requested the appraisal award signed by her designated appraiser be set aside.

Trial Court:       County Court at Law of Starr County, Texas, the Honorable Romero Molina

Course of Proceedings:       The case was stayed by agreement while the parties engaged in the contractual appraisal process. An appraisal award was signed, and State Farm paid the award. State Farm moved for summary judgment dismissing all of Garcia's claims based on its payment of the appraisal award.

Trial Court Disposition:       Summary Judgment was granted dismissing all of Garcia's claims.

# RESPONSE ISSUES PRESENTED

The trial court, following established Texas precedent,[1] correctly granted summary judgment because payment of the appraisal award disposed of all of Garcia's claims.

**Issue 1**: Under Texas law, if summary judgment grounds are broad enough to contemplate later-pled causes of action, a court can render summary judgment on all causes of action without requiring an amended or supplemental motion for summary judgment. And a movant for summary judgment is not required to pre-emptively negate a non-movant's defenses to the movant's grounds. Here, the grounds for the summary judgment expressly stated: "Payment of the appraisal award resolves and *disposes of all claims* in this lawsuit,"[2] and concluded that "a binding appraisal award was issued" and paid by State Farm leaving "no remaining issues."[3] Garcia defended by seeking to set aside and disregard the award. The trial court did not err by granting summary judgment dismissing *all claims* because the grounds for summary judgment—which centered around the appraisal award—were broad enough to contemplate Garcia's later-pled and unsupported defense that the appraisal award is invalid.

**Issue 2**: A party seeking to set aside an appraisal award has the burden to overcome the presumption in favor of enforcing awards. There was no evidence that the appraisers acted without authority or signed the award based on fraud, mistake, or accident. Garcia's arguments and suspicions about a possible mistake are not evidence and did not create a genuine fact issue to avoid summary judgment.

---

[1]   *Toonen v. United Servs. Auto Ass'n*, 935 S.W.2d 937, 940 (Tex. App.—San Antonio 1996, no writ) (holding insurer was entitled to summary judgment on breach of contract claim because it tendered appraisal award pursuant to the contract); *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875 (Tex. App—San Antonio 1994, no writ) (holding trial court erred by allowing a trial of a breach of contract claim after insurer promptly paid an appraisal award and rendering judgment that insured take nothing); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied) (insurer complied with every requirement of contract where it participated in appraisal process and paid amount set by appraisers and umpire); *Franco v. Slavonic Mut. Fire Ins.*, 154 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding summary judgment dismissing contract claim was proper when insurer paid appraisal award).

[2]   CR 68 (emphasis added).

[3]   CR 76.

**Issues 3**:  Payment of an appraisal award disposes of a contract claim as a matter of law.  Courts have rejected the argument that an insured can avoid summary judgment dismissal by refusing to accept payment of an award.  Garcia's refusal to cash her check is not grounds for reversal.

**Issue 4**:  Payment of an appraisal award disposes of a contract claim as a matter of law.  Courts have rejected the argument that the difference between the amount of an appraisal award and the amount of a carrier's estimate is evidence of a breach of contract.  Garcia fails to raise a genuine fact issue by relying on the difference between the award and State Farm's estimate.

**Issue 5**:  Payment of an appraisal award precludes recovery of penalties under Chapter 542 of the Texas Insurance Code as a matter of law.  Garcia does not raise a fact issue to avoid summary judgment.

**Issue 6**:  The Texas Supreme Court has held that without a breach of contract, there is no bad faith, unless the insured proves the insurer committed an act so extreme it caused injury independent of the policy claim or the insurer failed to timely investigate the insured's claim.  Statutory bad faith and DTPA claims require the same predicate for recovery and will fail if a common law bad faith claim fails.  The undisputed evidence conclusively demonstrates there was no extreme act by State Farm or adjuster Garza that caused independent injury and the claim was timely investigated.  The trial court did not err by dismissing all of Garcia's extra-contractual claims against State Farm and adjuster Garza.

## STATEMENT OF FACTS

Garcia's dwelling in Rio Grande City, Starr County, Texas was insured for approximately $88,000.00 (Coverage A dwelling limits) at the time of the loss under a State Farm Texas Homeowners Policy.[4] On or about January 22, 2015, Garcia reported an insurance claim for her house due to damage from a storm on or about May 28, 2014.[5] Sylvia Garza, on behalf of State Farm, contacted Garcia on January 22, 2015 to get additional information regarding the loss and schedule an inspection of the dwelling, which took place on February 28, 2015.[6] After inspecting the property, State Farm prepared an estimate of damage finding $902.37 in storm-related damage, which was below the Policy's deductible.[7]

Garcia filed suit against State Farm and adjuster Garza[8] on or about April 8, 2015, without making a pre-suit demand.[9] On July 21, 2015, State Farm demanded appraisal under the Policy, appointing Lee Moynahan as appraiser.[10]

---

[4]  CR 79-137 (Homeowners Policy, with Business Records Affidavit).
[5]  CR 139 (Burrell Affidavit at ¶ 5).
[6]  CR 139 (Burrell Affidavit at ¶ 6).
[7]  CR 139 (Burrell Affidavit at ¶ 6).
[8]  Garcia's claims against Garza are derivative of, and based on, the same alleged facts asserted against State Farm.
[9]  CR 10-38 (Plaintiff's Original Petition).
[10]  CR 139 (Burrell Affidavit at ¶ 7);  CR 168-69 (Appraisal Demand Letter).

- 1 -

On July 27, 2015, Garcia responded to State Farm's appraisal demand and appointed James Wesselski as appraiser.[11]

An appraisal award was issued setting the amount of loss at $7,835.70, on a replacement cost basis, and $6,142.92, on an actual cash value basis.[12] Appraiser Moynahan and appraiser Wesselski both signed the award.[13] No umpire was needed because the appraisers agreed on the amount of the loss. State Farm received the appraisal award on September 23, 2015.[14] Three (3) business days later, on September 28, 2015, State Farm timely tendered payment of the award (minus depreciation and deductible) in the amount of $4,382.92.[15]

State Farm moved for summary judgment on December 14, 2015, asserting broadly that payment of the appraisal award resolved all of Garcia's causes of action.[16] A hearing was set on the summary judgment for January 28, 2016.[17] On January 21, 2016, the deadline for Garcia to respond to the summary judgment, Garcia moved to continue the summary judgment hearing, arguing that she needed

---

[11] CR 140 (Burrell Affidavit at ¶ 7); CR 173 (Appraisal Response Letter).
[12] CR 140 (Burrell Affidavit at ¶ 8); CR 174-182 (Appraisal Award).
[13] CR 140 (Burrell Affidavit at ¶ 8); CR 174 (Appraisal Award).
[14] CR 140 (Burrell Affidavit at ¶ 8).
[15] CR 140 (Burrell Affidavit at ¶ 9); CR 183-84 (Letter Issuing Appraisal Payment).
[16] CR 68-202.
[17] CR 203.

time to conduct discovery.[18]  The continuance motion said nothing about setting aside the appraisal award.  State Farm responded to Garcia's motion for continuance, noting that Garcia failed to identify facts or discovery needed that could raise a material fact issue related to the summary judgment.[19]  The trial court heard arguments on Garcia's Motion for Continuance on January 28, 2016.[20]  The court took the matter under advisement and denied the Motion for Continuance on February 9, 2016.[21]  Garcia does not appeal the denial of the Motion for Continuance.

After the continuance was denied, the summary judgment was reset for hearing on March 3, 2016.[22]  On February 25, 2016, seven days before the summary judgment hearing, Garcia filed her First Amended Petition[23] and her Response to Defendants' Motion for Summary Judgment.[24]  The First Amended Petition still listed the same theories of liability in Section VII—"Cause of Action for Breach of Contract,"[25] "Cause of Action for Violation of Section 542,"[26]

---

[18]  CR 205-217.
[19]  CR 218-226.
[20]  1 RR 4-20.
[21]  CR 226.
[22]  CR 232.
[23]  CR 234-248.
[24]  CR 249-744.
[25]  CR 239.
[26]  CR 240.

"DTPA Cause of Action,"[27] "Cause of Action for Unfair Insurance Practices,"[28] and "Cause of Action for Breach of Duty of Good Faith and Fair Dealing."[29] Separately, and not identified as a cause of action, the First Amended Petition added a new section, "VIII. Request to Set Aside and Disregard Appraisal Award."[30]

The trial court heard the motion for summary judgment on March 3, 2016.[31] The court granted the motion on March 10, 2016, and entered a final judgment that Garcia take nothing on all of her claims.[32] Garcia appealed.

## SUMMARY OF THE ARGUMENT

This Court has recognized that payment of an appraisal award disposes of an insured's claims, and summary judgment dismissing those claims is appropriate.[33]

---

[27] CR 240.

[28] CR 242.

[29] CR 243.

[30] CR 244.

[31] 2 RR 4-18.

[32] CR 751.

[33] *Toonen v. United Servs. Auto Ass'n*, 935 S.W.2d 937, 940 (Tex. App.—San Antonio 1996, no writ) (holding insurer was entitled to summary judgment on breach of contract claim because it tendered appraisal award pursuant to the contract); *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875 (Tex. App—San Antonio 1994, no writ) (holding trial court erred by allowing a trial of a breach of contract claim after insurer promptly paid an appraisal award and rendering judgment that insured take nothing).

Many other Texas courts[34] and Federal courts in Texas[35] have held the same. Garcia first tries to avoid this settled law by arguing a technical, procedural issue—

[34] *Anderson v. American Risk Ins. Co.*, No. 01-15-00257-CV, 2016 Tex. App. LEXIS 6538, at *11 (Tex. App.—Houston [1st Dist.] June 21, 2016, no pet. h.) (affirming summary judgment dismissing all claims based on payment of appraisal award); *Breshears*, 155 S.W.3d at 344 (affirming summary judgment dismissing contractual and extra-contractual claims after payment of appraisal award); *Franco*, 154 S.W.3d at 787 (holding summary judgment dismissing contract claim was proper when insurer paid appraisal award); *Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 143-44 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding trial court properly rendered summary judgment for insurer based on appraisal award that required no payment to be made); *Lundstrom v. USAA*, 192 S.W.3d 78, 87, 95 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (affirming summary judgment dismissing breach of contract claim based on appraisal award); *Richardson East Baptist Church v. Philadelphia Indemnity Ins. Co.*, No. 05-14-01491-CV, 2016 Tex. App. LEXIS 3267, at *7-12 (Tex. App.—Dallas March 30, 2016) (affirming summary judgment dismissing breach of contract claim based on appraisal award).

[35] *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 Fed. Appx. 366, 369 (5th Cir. 2012) (affirming summary judgment dismissing breach of contract claim following payment of appraisal award and noting "it seems clear that Lloyds did not breach its contract with Blum's"); *Michels v. Safeco Ins. Co. of Ind.*, 544 Fed. Appx. 535, 542 (5th Cir. 2013) (affirming district court's granting of summary judgment after payment of appraisal award); *Burks v. Metro Lloyds Ins. Co. of Tex.*, No. H-14-591, 2015 U.S. Dist. LEXIS 88729, at *9-11 (S.D. Tex. July 8, 2015) (granting summary judgment after payment of appraisal award); *Scalise v. Allstate Texas Lloyds*, No. 7:13-CV-178, 2013 U.S. Dist. LEXIS 179692, at *13-16 (S.D. Tex. Dec. 20, 2013) (granting summary judgment dismissing breach of contract claim based on payment of appraisal award); *Russell v. Scottsdale Ins. Co.*, No. 4:10-CV-3057, 2014 U.S. Dist. LEXIS 143882, *17 (S.D. Tex. Sept. 30, 2014) (granting summary judgment because insured is estopped from asserting breach of contract when insurer pays appraisal award); *Barry v. Allstate Tex. Lloyds*, No. 4:14-cv-00870, 2015 U.S. Dist. LEXIS 40953, at *8-11 (S.D. Tex. Mar. 31, 2015) (granting summary judgment after payment of appraisal award); *Caso v. Allstate Tex. Lloyds*, No. 7:12-CV-478, 2014 U.S. Dist. LEXIS 15279, at *14-24 (S.D. Tex. Feb. 7, 2014) (granting summary judgment because insurer's payment of appraisal award estopped insured's breach of contract claim); *Waterhill Cos. v. Great Am. Assur. Co.*, No. H-05-4080, 2006 U.S. Dist. LEXIS 15302, at *8 (S.D. Tex. March 16, 2006) (granting summary judgment after insurer paid appraisal award); *Gabriel v. Allstate Texas Lloyds*, No. 7:13-CV-181, 2013 U.S. Dist. LEXIS 186032, at *12 (S.D. Tex. Nov. 1,

that Garcia amended her petition seven days before the hearing, requiring an amended or supplemental summary judgment to be filed and the hearing reset. But Garcia did not assert a new cause of action, and Texas courts recognize an exception to this general rule when the grounds stated in the original summary judgment are broad enough to include the newly pled claim. Here, that is the case. Payment of the valid appraisal award was the basis of the summary judgment motion. Also, Garcia's request to set aside was raised as a defense to State Farm's estoppel defense based on the appraisal award. Thus, State Farm, as the movant for summary judgment, was not required to pre-emptively negate Garcia's defense to summary judgment.

Garcia also argues the substantive issues. Garcia speculates that the award was made without authority or was the result of fraud, accident, or mistake, rendering it invalid. But there is no evidence that the appraisers acted without authority or were tainted by fraud, accident, or mistake. Garcia did not offer an affidavit from her own appraiser—who signed the award—saying he had made a mistake or acted improperly. Garcia's position is based on arguments, not evidence. Garcia makes other arguments—that she can refuse to accept State Farm's payment of the award to avoid summary judgment, that the difference

2013) (granting summary judgment after payment of appraisal award); *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 652 (S.D. Tex. 2012) (granting summary judgment after payment of appraisal award).

between State Farm's original estimate and the later appraisal award is evidence of a breach of contract, that she should be allowed to recover Chapter 542 penalties on top of the award amount, and that her extra-contractual claims survive even if she has no breach of contract claims.  But all of these arguments have been made before by many other parties, and they have been rejected before by many other courts.[36]

## **ARGUMENT**

**I.  The summary judgment grounds are broad enough to contemplate Garcia's later-pled defense to set aside the appraisal award, and State Farm was not required to pre-emptively negate Garcia's defense.**

Garcia's primary argument seeks to avoid the substantive issues in this appeal based on a technical issue.  But Garcia fails to address or even acknowledge that Texas courts recognize an exception to the general rule upon which Garcia relies:

> Although summary judgment generally may not be granted on a claim not addressed in the summary judgment proceeding, it may be granted on later pleaded causes of action if the grounds asserted in the motion show that the plaintiff could not recover from the defendant on the later pleaded cause of action.[37]

> * * *

> This Court has recognized an exception to the rule that a movant must amend or supplement its summary judgment motion expressly to address claims pled after the original motion's filing.  If the summary

---

[36]  *See* Argument Sections III, IV, V, and VI, *supra*.

[37]  *McIntyre v. Wilson*, 50 S.W.3d 674, 684-85 (Tex. App.—Dallas 2001, pet. denied).

judgment grounds are broad enough to contemplate all causes of action later pled, then summary judgment may properly be rendered on the later claims even without an amended or supplemental motion.[38]

This Court adopted the exception in *Smith v. Heard*:

> Courts have granted summary judgments on causes of action not specifically addressed in a movant's motion if the movant has conclusively disproven an ultimate fact which is central to all causes of action alleged, or the unaddressed causes of action are derivative of the addressed cause of action.[39]

The genesis of the general rule upon which Garcia relies is based on the language in Rule 166a(c) that requires a party to state the specific grounds upon which they are entitled to judgment.[40]  Generally, if a plaintiff adds new causes of action after a summary judgment is filed, the movant could not have known to include grounds on the new cause of action.  But if the summary judgment is sufficiently broad, "it may be deemed to cover additional causes of action under appropriate fact situations."[41]  Thus, in *Farah v. Mafrige & Kormanik*, the court

---

[38]  *Strasser v. Sulzer Medica U.S.A., Inc.*, No. 01-01-00610-CV, 2002 Tex. App. LEXIS 5463, at \*6 (Tex. App.—Houston [1st Dist.] July 25, 2002, pet. denied).

[39]  *See Smith v. Heard*, 980 S.W.2d 693, 697 (Tex. App.—San Antonio 1998, pet. denied) (citing TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS--PRACTICE, PROCEDURE AND REVIEW § 3.06[3] (2d ed. 1996); *Judwin Prop., Inc. v. Griggs & Harrison*, 911 S.W.2d 498, 502-503 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Mackie v. McKenzie*, 900 S.W.2d 445, 451 (Tex. App.—Texarkana 1995, writ denied); *Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex. App.—Dallas 1989, writ denied)).

[40]  *Lampasas v. Spring Center, Inc.*, 988 S.W.2d 428, 435-36 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

[41]  *Lampasas*, 988 S.W.2d at 436.

- 8 -

held that a summary judgment motion seeking to dismiss fraud claims was broad enough to include a later-added claim for negligent misrepresentation.[42]  But the court also found that a newly pleaded cause of action for promissory estoppel was not within the summary judgment grounds.[43]  In *AKB Hendrick, LLP v. Musgrave Enters.*, the court affirmed summary judgment dismissing a later pleaded negligent misrepresentation claim because the grounds asserted against the plaintiff's fraud claim showed the plaintiff could not recover on the negligent misrepresentation claim.[44]

Here, the validity of the appraisal award is central to State Farm's and adjuster Garza's motion for summary judgment.  The entire basis of the motion was State Farm's payment of a valid appraisal award.  It stretches credulity for Garcia to now argue that these grounds "were not addressed in the motion for summary judgment."[45]  And this is contrary to Garcia's previous acknowledgment that the validity of the appraisal award was already squarely before the trial court as part of State Farm's summary judgment.[46]  State Farm offered the signed appraisal award

---

[42]  927 S.W.2d 663, 671-672 (Tex. App.—Houston [1st Dist.] 1996, no writ).

[43]  *Id.*

[44]  380 S.W.3d 221, 237-38 (Tex. App.—Dallas 2012, no pet.).

[45]  Appellant's Brief at p. 8.

[46]  2 RR 14 ("If the appraisal--if there's a question about the validity of the Appraisal Award, then that raises questions about whether they can even prove the first element of their estoppel defense, whether there's a valid and binding Appraisal Award.").

in evidence,[47] and alleged that it was a binding award.[48] Under Texas law, the award is presumed valid.[49] State Farm met its burden.

It is questionable whether Garcia's later-amended petition even qualifies under the general rule requiring a summary judgment to be amended. Garcia did not add a *cause of action*, but rather a "Request to Set Aside and Disregard Appraisal Award" separate from her "Causes of Action," and it was plead as a *defense* to State Farm's estoppel defense and summary judgment.[50] In *Smith*, this Court implicitly recognized that the general rule may not apply when a plaintiff pleads an affirmative defense as opposed to a cause of action.[51] And courts recognize that a summary judgment movant is not required to address the non-movant's defenses, because it is incumbent upon the non-movant to raise a genuine material fact issue on the elements of the non-movant's defense.[52] Once State Farm proved its defense to Garcia's claims based on its payment of the binding

---

[47] CR 174.

[48] CR 76 ("Appraisal has concluded and a binding appraisal award was issued setting the amount of loss.").

[49] *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002).

[50] *See, e.g.*, *Strasser*, 2002 Tex. App. LEXIS 5463, at *17 (recognizing that fraudulent concealment is a defense to a defendant's limitations defense).

[51] *Smith*, 980 S.W.2d at 697 (noting that failure of consideration in amended pleading was a defense not a cause of action, but applying general rule to other newly added cause of action under Texas Debt Collection Practices Act).

[52] *Cook Composites v. Westlake Styrene Corp.*, 15 S.W.3d 124, 139 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd).

appraisal award, it was Garcia's burden to plead and raise a fact issue on her defense that the award is invalid.

The validity of the appraisal award raised by Garcia in her First Amended Petition was already central to State Farm's summary judgment motion. Thus, the trial court did not err by ruling on the substantive merit of the parties' claims and defenses.

## II.    No material fact issues existed.

Texas law presumes the appraisal award is valid, and it was Garcia's burden to prove a valid ground for setting aside the award.[53]  When a party does not produce evidence showing grounds to set aside the appraisal award, the award is presumed valid and should be enforced as a matter of law.[54] Garcia argues that the award should be set aside because the award was made without authority or was

---

[53]    *Franco*, 154 S.W.3d at 786; *Lundstrom*, 192 S.W.3d at 87.

[54]    *See Hudgens v. Allstate Texas Lloyd's*, No. H-11-2716, 2012 U.S. Dist. LEXIS 97446, at *27 (S.D. Tex. July 13, 2012) (granting insurer's post-appraisal motion for summary judgment after finding that "Plaintiff has failed to produce any evidence showing the grounds required to set aside the appraisal award"); *Cantu v. S. Ins. Co.*, No. 03-14-00533-CV, 2015 Tex. App. LEXIS 8847, at *20 (Tex. App.—Austin Aug. 25, 2015, no pet.) ("Cantu produced no evidence that the appraisers and umpires did not comply with the requisite procedure and did not meet that burden [to set the award aside]"); *MLCSV10 v. Stateside Enters.*, 866 F. Supp. 2d 691, 708 (S.D. Tex. 2012) (granting summary judgment for insurer, finding that insured had presented no evidence that award was invalid); *Breshears*, 155 S.W.3d at 344 ("Thus, because there is no evidence showing grounds to set aside the appraisal award, the trial court did not err in granting summary judgment on this issue").

the result of fraud, accident, or mistake. But Garcia only offers arguments, not evidence.[55] She did not meet her burden to raise a genuine issue of material fact.

To set aside an award on the ground of fraud, accident, or mistake, Garcia must prove that the award was not the intended result of the appraisers who signed the award or the appraisers were incompetent, interested, or partial.[56] There is no evidence that the award does not reflect the intent of appraiser Wesselski or appraiser Moynahan.[57] Garcia speculates that because the appraisal award's scope differs in some ways from the State Farm estimate, the award does not reflect the intent of the appraisers. But allegations and speculation are not evidence. For example, in *Hudgens*, the court held that the plaintiff's allegations of misconduct in

---

[55] *Texas Dep't. of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 564 (Tex. App.—San Antonio 1997, no writ) ("argument of counsel is not evidence.").

[56] *See Providence Wash. Ins. Co. v. Farmers Elevator Co.,* 141 S.W.2d 1024, 1026-27 (Tex. Civ. App.—Amarillo 1940, no writ) (trial court judgment setting aside an award by two appraisers and an umpire reversed and rendered in part because there was no mistake—award was intended result); *Continental Ins. Co. v. Guerson,* 93 S.W.2d 591, 594 (Tex. Civ. App.—San Antonio 1936, writ dism'd) (court cannot concern itself where the award embodies the appraisers real judgment); *Gulf Ins. Co. of Dallas v. Pappas,* 73 S.W.2d 145, 146-47 (Tex. Civ. App.—San Antonio 1934, writ ref'd) (court will not substitute its own award for that of the appraisers unless the mistake is one by which the award fails to operate in a way the appraisers intended); *Home Ins. Co. v. Walter,* 230 S.W. 723, 724 (Tex. Civ. App.—Dallas 1921, no writ) (an award which is the result of fraud, mistake or accident means one which was made by appraisers who were incompetent, interested or partial).

[57] Garcia makes no argument that either appraiser committed fraud, was incompetent, interested, or partial.

the appraisal were not competent evidence, and that the plaintiff therefore failed as a matter of law to satisfy its burden of proof to set aside the award.[58]

To set aside an award for lack of authority, Garcia had the burden to prove that the appraisers made improper legal determinations of what is or is not a covered loss.[59] Garcia offers no legal support for the proposition that appraisers are bound by prior estimates or must use them as a starting point when determining the extent or amount of loss. A federal court in Wisconsin has expressly rejected this argument: "Once the appraisal was confirmed, any previous estimates from [the insurer's restoration company] or anyone else became meaningless, and the only damages estimate that mattered was the appraisal award."[60] Under the Policy, the appraisers are not bound by pre-appraisal estimates, but rather have a duty to make an independent determination of the amount of loss:

> 4. Appraisal. …If either makes a written demand for appraisal, each shall select a competent, **disinterested** appraiser…. The appraisers shall then set the amount of the loss. **If the appraisers submit a written report of**

---

[58] *Hudgens*, 2012 U.S. Dist. LEXIS 97446, at *26-27; *see also Scalise*, 2014 U.S. Dist. LEXIS 49419, at *7 (where an award was valid on its face, court "could not have discerned from the appraiser estimates and award made part of the summary judgment record whether either individual impermissibly refused to inspect or consider the damages…").

[59] *MLCSV10*, 866 F.Supp.2d at 705-06.

[60] *Gronik v. Chubb Indem. Ins. Co.*, 10-CV-954, 11-CV-697, 2015 U.S. Dist. LEXIS 157266, at *8 (E.D. Wis. Nov. 20, 2015).

**an agreement to us, the amount agreed upon shall be the amount of loss….**[61]

The Policy requires the appraisers to make a disinterested evaluation of the loss and clearly states that the appraisers' agreement—not prior estimates—"shall be the amount of loss."  In other words, the appraisal award controls over the prior estimates.[62]  Garcia's reliance on *Wells v. American States Preferred Ins. Co.*[63] and *Lundstrom v. United Services Auto Association—CIC*[64] is misplaced.[65]  In *Wells*, the appraisal panel expressly made coverage decisions as part of the award.[66]  That did not happen here.  In *Lundstrom*, the court affirmed the summary judgment on the ground that appraisal resolved the contract claim and rejected the plaintiff's broad interpretation of *Wells*, noting no coverage issues were before the appraisal panel.[67]  Garcia's opinion that the award should have included additional items is

---

[61]  CR 106 (emphasis added).

[62]  Similarly, when appraisers disagree, an umpire is not constrained to choose between them, but must exercise her independent judgment.  *See, e.g., Providence Lloyds Ins. Co.*, 877 S.W.2d at 877-878 ("we find that in acting independently as to the disputed values, the umpire did not exceed the authority conferred upon him. On the contrary, it was the duty of the umpire under the terms of the contract of insurance to ascertain and determine, in the exercise of his own judgment and as the result of his own investigation, the cost values of the disputed items, independent of the findings of the appraisers, or either of them.").

[63]  919 S.W.2d 679, (Tex. App.—Dallas 1996, writ denied).

[64]  192 S.W.3d 78 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

[65]   Appellant's Brief at pp. 16-17.

[66]  *Wells*, 919 S.W.2d at 685 (umpire and appraiser exceeded authority by determining foundation movement was not caused by a plumbing leak).

[67]  *Lundstrom*, 192 S.W.3d at 87-89.

- 14 -

not evidence that the award was made without authority and does not reflect that the award was the result of fraud, accident, or mistake.

Garcia argues the appraisers either made coverage decisions without authority or made a mistake because they did not award her $397.72 for three items that were in State Farm's original estimate. Garcia had seventy-three days from the day that State Farm moved for summary judgment until her evidentiary deadline seven days before the March 3, 2016 summary judgment hearing to support her speculation with evidence—such as an affidavit from appraiser Wesselski (whom she appointed) that he was mistaken or that he made coverage decisions. But Garcia offered no such evidence. Instead, Garcia relies only on her arguments and speculation about what the appraisers might have done or intended by comparing what is in the award and what is in State Farm's original estimate. But summary judgment cannot be avoided by a non-movant when the "application of . . . evidence relies upon speculation rather than reasonable inference."[68] That the appraisal award did not include a $43 turtle vent or $354 for ceiling paint in two

---

[68] *Bluebonnet Petroleum, Inc. v. Kolkhorst Petroleum Co.*, No. 14-07-00380-CV, 2008 Tex. App. LEXIS 7724, at *26-27 (Tex. App.—Houston [14th Dist.] Oct. 9, 2008, pet. denied) (affirming summary judgment dismissing conspiracy claim because no evidence of content of phone calls was offered and the proffered application of evidence—*i.e.*, that the existence of the phone calls was circumstantial evidence that the parties conspired—relied upon speculation rather than reasonable inference); *see also Saenz v. J.D. Rodriguez Produce & Trucking Co.*, No. 04-99-00867-CV, 2000 Tex. App. LEXIS 8596, at *20 (Tex. App.—San Antonio Dec. 29, 2000, pet. denied) (argument that summary judgment evidence raised a reasonable inference was merely suspicion and speculation).

rooms is no evidence that the appraisers acted without authority or signed an award as a result of fraud, accident or mistake. Garcia only speculates that is the case.[69] But her speculation does not raise a genuine fact issue.

## III. Garcia cannot avoid summary judgment by choosing not to cash her appraisal award check.

State Farm tendered payment under the appraisal award within three business days of receiving the award.[70] Garcia's counsel purported to reject the payment, arguing that State Farm needed to confess "to their liability" before Garcia would accept the check and that Garcia should have received the amount of the appraisal award originally without having to go to appraisal.[71] Garcia now argues that her refusal to accept payment prevents summary judgment from being entered against her. Numerous courts have found that a party cannot avoid

---

[69] Even if the Court were to indulge Garcia's speculation (which State Farm asserts is without merit), the $397 amount is a minor discrepancy that does not justify setting aside the award. *Michels*, 544 Fed. Appx. at 541 ("minor discrepancies in the appraisal process or award do not invalidate the award"); *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 472 (5th Cir. 2013) ("minor mistakes that do not taint the entire award should not frustrate the parties' intent to be bound by the appraisal provision of their contract."). And if Garcia's speculation about the $397 could justify setting aside the award (which State Farm asserts is without merit), only that portion of the award would be set aside. *See MLCSV10*, 866 F. Supp. 2d at 707-708 (noting that only part of the appraisal award might be set aside and "there is, however, no basis for setting aside the entire award or any other part of it."). Thus, the remainder of the award would remain intact, all of Garcia's ensuing causes of action related to those parts of the award would still be disposed of by summary judgment, and at most Garcia would go to trial seeking to prove the $397 amount not in the award was omitted without authority or by fraud, accident, or mistake.

[70] CR 183.

[71] CR 729.

- 16 -

summary judgment by refusing to accept payment of an appraisal award. In *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, the federal court pointed out that several courts have rejected Garcia's argument:

> United Neurology now argues that the third element required to estop its breach of contract claim was not met because it did not accept the payment of the appraisal award tendered to it by Hartford. A number of courts have addressed the issue of the insured's rejection of a timely and full payment of the appraisal award amount by the insurer under Texas law and determined that if the appraisal award has been reached in accordance with the terms of the insurance policy and the insurer has timely tendered the full amount awarded by the appraisers, that conduct is legally sufficient to entitle the insurer to summary judgment on the breach-of-contract claim against it. This Court, too, finds that United Neurology and Hartford are in substantial compliance with the appraisal award clause in the Policy, that the award is binding and enforceable, and that despite United Neurology's refusal to accept the payment tendered, it has failed to show that Hartford breached the contract.[72]

In *Devonshire Real Estate & Asset Management, L.P. v. American Insurance Co.*, the court rejected the argument advanced by Garcia that she can block a summary judgment by not accepting payment:

> Finally, the Court refuses to accept Devonshire's argument that American cannot raise an estoppel defense because Devonshire never accepted payment of the appraisal award issued by American. . . . The Court therefore concludes that so long as there is a binding and enforceable appraisal award and the insurer timely and full[ly] pays

---

[72] *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 619-20 (S.D. Tex. 2015).

the resulting award, estoppel should apply regardless of whether the insured actually accepts payment.[73]

Similarly, in *Caso v. Allstate Texas Lloyds*, the court granted summary judgment notwithstanding the insured's rejection of payment:

> Plaintiffs do not dispute the first and second elements, but attack the third, *i.e.* acceptance of the award, by asserting that Plaintiffs' non-acceptance of Allstate's tender of the appraisal award prevents estoppel. In support, Plaintiffs cite language from a district court decision, *Church of the Rock North v. Church Mut. Ins. Co.*, providing that estoppel via appraisal only results where the plaintiff accepts payment of the appraisal amount from the insurer. However, the *Church of the Rock* requirement of acceptance for estoppel effectiveness was due to distinguishable facts of that case . . . the award remains both binding and enforceable until it is set aside, notwithstanding Plaintiffs' rejection of Allstate's tender, an apparently-baseless rejection for which Plaintiffs have not offered an explanation.[74]

Like the insured in *Caso*, Garcia relies on *Church on the Rock North v. Church Mut. Ins. Co.*[75] to support her position. The Court in *Caso* explained that *Church on the Rock* was distinguishable due to peculiar language in that appraisal clause and unique factual disputes about the enforceability of the award, which was not signed.[76] Notably, the court in *Caso* relied on this Court's opinion in *Toonen* to reject the argument that an insured has to accept the check:

---

[73] *Devonshire Real Estate & Asset Mgmt., L.P. v. Am. Ins. Co.*, No. 3:12-CV-2199-B, 2014 U.S. Dist. LEXIS 135939, at *51, *53 (N.D. Tex. Sep. 26, 2014).

[74] No. 7:12-CV-478, 2014 U.S. Dist. LEXIS 15279, at *18-20 (S.D. Tex. Feb. 7, 2014).

[75] No. 3:10-CV-0975-L, 2013 U.S. Dist. LEXIS 17849 (N.D. Tex. Feb. 11, 2013).

[76] *Caso,* 2014 U.S. Dist. LEXIS 15279, at *18.

- 18 -

Regarding a factually-similar situation in *Toonen v. United Servs. Auto. Ass'n*, a Texas court of appeals rejected a similar argument, writing:

> In this case, USAA's motion and supporting proof are legally sufficient to establish (1) *Toonen's* claim had been appraised pursuant to the Policy, and (2) USAA had tendered the amount awarded by the appraisers. Accordingly, USAA was entitled to summary judgment in its favor on *Toonen's* breach of contract claim unless Toonen raised an issue of fact as to a ground for setting aside the appraisal award.[77]

The court in *Devonshire* also explained that the reasoning in *Church on the Rock* was based on an over-reading of *Franco*, which "did not expressly state, as *Church on the North Rock* and *Blum's Furniture* appear to suggest, that the insured's acceptance of payment was a necessary condition for estoppel to apply."[78] Several other cases have likewise rejected an insured's attempt to avoid summary judgment by not accepting payment and citing *Church on the Rock*.[79]

Garcia also argues that she rejected the appraisal payment because it was for the Actual Cash Value of the award, instead of the full Replacement Cost Value.[80] Actually, Garcia never raised this issue at the trial court. She tries to add the new argument on appeal—saying "it can be reasonably inferred" from her letter that she

---

[77]    *Caso,* 2014 U.S. Dist. LEXIS 15279, at *20-21.

[78]    *Devonshire Real Estate*, 2014 U.S. Dist. LEXIS 135939, at *52.

[79]    See *Moore v. Allstate Texas Lloyds*, No. 7:12-CV-479, 2014 U.S. Dist. LEXIS 15277, at *18 (S.D. Tex. Feb. 7, 2014); *Hernandez v. Allstate Texas Lloyds*, No. 7:12-CV-480, 2014 U.S. Dist. LEXIS 15276, at *18 (S.D. Tex. Feb. 7, 2014); *United Neurology*, 101 F. Supp. 3d at 620, n.37.

[80]    Appellant's Brief at p. 23.

speculated State Farm might not later pay replacement cost benefits if she completed repairs, and therefore, she rejected the payment. This argument (even if it had been properly raised by Garcia) has also been rejected. In *Devonshire*, the court held that "the plain terms of the policy only required American to pay the actual cash value of the appraisal award, because Devonshire had not completed repairs."[81] Garcia offers no argument or evidence that she completed repairs. Accordingly, she is not entitled to replacement cost benefits under the policy.[82]

Garcia argues (again) that State Farm cannot defeat her claims by estoppel because it cannot show the existence of a valid appraisal award.[83] Garcia incorporates the earlier sections of her brief, arguing State Farm did not amend its motion after Garcia amended her petition and that fact issues exist on her grounds to set aside the award.[84] State Farm, in turn, incorporates its prior arguments on these points. The broadly stated summary judgment grounds covered the enforceability of the award, and State Farm did not have to pre-emptively negate Garcia's defense.[85] And Garcia offers no evidence to raise a fact issue, only

---

[81] 2014 U.S. Dist. LEXIS 135939, at *49.

[82] *Fitzhugh 25 Partners, L.P. v. KILN Syndicate*, 501, 261 S.W.3d 861, 863 (Tex. App.—Dallas 2008, pet. denied) ("Courts across the country have universally held that [a replacement cost provision] requires repair or replacement of the destroyed property before the insured is entitled to recover replacement cost damages.")

[83] Appellant's Brief at p. 22.

[84] *Id.*

[85] *See* Argument Section I, *supra*.

arguments.[86]   State Farm satisfied its burden by offering the signed appraisal award, which is presumed valid.  It is Garcia's burden of proof to set aside the award.  She cannot shift the burden to State Farm to pre-emptively disprove her defense.

## IV.   Under Texas law, the fact that an appraisal award is greater than an earlier estimate is no evidence of a breach of contract.

Under Texas law, the fact that an insurer paid less under its original estimate than it later paid under a signed appraisal award cannot be used to argue the insurer breached the contract.[87]   Garcia tries to make exactly this argument.[88]   Garcia points to the differences between her public adjuster's estimate, State Farm's estimate, and the appraisal award.[89]   Garcia also complains that State Farm did not include overhead and profit in its estimate, but the appraisers did.[90]   But attacking

---

[86]   *See* Argument Section II, *supra*.

[87]   *Gabriel*, 2013 U.S. Dist. LEXIS 186032, at *11; *Breshears*, 155 S.W.3d at 343 ("The Breshears may not use the fact that the appraisal award was different than the amount originally paid as evidence of breach of contract, especially when the contract they claim is being breached provides for resolution of disputes through appraisal.").

[88]   Appellant's Brief at pp. 24-27.

[89]   *Id*. at p. 25.

[90]   *Id*. at pp. 25-26.  As discussed in footnote 91 below, an incongruity between an estimate and an appraisal award is not germane to the issues presented in this appeal.  Nevertheless, it is important to note that Garcia misrepresents the TDI Bulletins cited in her brief.  Appellant's Appendix I.  The bulletins do not stand for the proposition that overhead and profit be included in every loss estimate.  They only express TDI's opinion that depreciation and overhead and profit cannot both be deducted from replacement cost value when calculating actual cash value.

the original estimate as being insufficient does not raise a fact issue when the appraisal award later sets the amount of loss and is paid.[91]

The Houston Court of Appeals in *Anderson* recently rejected the argument that the award can prove the insurer breached the contract: "The fact that ARIC did not pay the amount of the award earlier, alone, does not raise a fact issue on Anderson's claim for breach of contract."[92] Garcia failed to prove any fact issues prevented summary judgment dismissing her contract claim.

## V. Payment of the appraisal award disposes of Garcia's prompt payment claims as a matter of law.

Garcia argues that a cause of action under the Texas Prompt Payment of Claims Act, Chapter 542 Tex. Ins. Code ("TPPCA"), can be maintained after an insurer timely pays an appraisal award. Courts have already decided that issue, recognizing that "Texas courts have constantly held that 'full and timely payment of an appraisal award under the policy precludes an award of penalties under the

---

[91] *Gabriel*, 2013 U.S. Dist. LEXIS 186032, at *11 ("For her part, Gabriel argues that *Breshears* is 'easily distinguished' from this case since the *Breshears* plaintiffs asserted claims 'because the amount of the appraisal award was different from the amount initially offered by the insurance company.' Gabriel goes on, however, to describe the same basis for her own claims, albeit with different wording: Allstate breached the contract when it 'failed to correctly determine the amount of the loss that led to the coverage dispute.'").

[92] 2016 Tex. App. LEXIS 6538, at *11.

Insurance Code's prompt payment provisions as a matter of law.'"[93] Garcia relies on a recent interlocutory Order from a Northern District of Texas case that was voluntarily dismissed by the plaintiff, *Graber v. State Farm Lloyds*,[94] that is at odds with Fifth Circuit precedent, Southern, Eastern and Western District precedent, and precedent from Texas courts of appeals.

### A. The overwhelming majority of courts have found that TPPCA claims do not survive payment of an appraisal award.

The Fifth Circuit, in *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, upheld the summary judgment dismissal of the plaintiff insured's contractual and extra-contractual claims, affirming the district court's summary judgment.[95] The district court held that "under Texas law, 'full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law.' Because Lloyds made full and timely payment of the appraisal award in this case, Plaintiffs' Prompt Payment claim fails as a matter of law."[96]

---

[93] *Tabor v. State Farm Lloyds*, No. 7:14-cv-389, at pp. 15-16 (S.D. Tex. April 9, 2015) (quoting *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.— Houston [14th Dist.] 2010, no pet.)).

[94] *Graber v. State Farm Lloyds*, No. 3:13-CV-2671-B, 2015 U.S. Dist. LEXIS 77361 (N.D. Tex. June 15, 2015) *reconsideration denied* (August 6, 2015) (dismissed voluntarily by plaintiff).

[95] 459 Fed. Appx. at 368.

[96] *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, No. H-09-3479, 2011 U.S. Dist. LEXIS 20604, at \*11 (S.D. Tex. March 2, 2011) *affirmed by* 459

District courts for the Southern District of Texas routinely grant summary judgment dismissing TPPCA claims (and all other claims) after the carrier pays the appraisal award.[97] And so do district courts in the Eastern District,[98] and the Western District.[99]

*Graber* finds no support among Texas state courts either. Courts that have addressed these claims have also held that payment of an appraisal award means

Fed. Appx. 366 (5th Cir. 2012) (emphasis added) (quoting *In re Slavonic*, 308 S.W.3d at 563-64).

[97] *Gabriel*, 2013 U.S. Dist. LEXIS 186032, at *12, *20-21 (S.D. Tex. Nov. 1, 2013); *Tabor*, No. 7:14-cv-389, at pp. 15-16; *Moore*, 2014 U.S. Dist. LEXIS 15277, at *14-30; *Hernandez*, 2014 U.S. Dist. LEXIS 15276, at *14-30; *Caso*, 2014 U.S. Dist. LEXIS 15279, at *14-24; *Cavazos v. State Farm Lloyds*, No. 7:13-CV-00252, Minute Entry of 10/27/15 (S.D. Tex. Oct. 27, 2015); *Corpus v. State Farm Lloyds*, No. 7:14-CV-00383, Minute Entry of 10/27/15, (S.D. Tex. Oct. 27, 2015); *Guerra v. State Farm Lloyds*, No. 7:14-CV-00381, Minute Entry of 10/27/15, (S.D. Tex. Oct. 27, 2015); *Solis v. State Farm Lloyds*, No. 7:13-cv-00149, Minute Entry of 10/27/15 (S.D. Tex. Oct. 27, 2015); *Villanueva v. State Farm Lloyds*, No. 7:13-CV-00601, Minute Entry of 10/27/15, (S.D. Tex. Oct. 27, 2015); *Rios v. State Farm Lloyds*, No. 7:13-CV-00187, Minute Entry of 8/17/15 (S.D. Tex. August 17, 2015); *Scalise*, 2013 U.S. Dist. LEXIS 179692, at *11 (S.D. Tex. Dec. 20, 2013); *Stewart v. Geovera Specialty Ins. Co.*, No. H-14-3162 at p. 8 (S.D. Tex. October 21, 2015); *Burks*, 2015 U.S. Dist. LEXIS 88729, at *5, *12-16; *Barry*, 2015 U.S. Dist. LEXIS 40953, at *15; *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584 (S.D. Tex. 2015) affirmed by 624 Fed. Appx. 225 (5th Cir. 2015); *Mag-Dolphus*, 906 F. Supp. 2d at 652; *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, No. H-09-3828, 2011 US. Dist. LEXIS 82846, at *31, *23-24 n.8 (S.D. Tex. July 27, 2011); *Waterhill*, 2006 U.S. Dist. LEXIS 15302, at *10.

[98] *Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2016 U.S. Dist. LEXIS 99883 (E.D. Tex. July 29, 2016); *Quibodeaux v. Nautilus Ins. Co.*, No. 1:10-CV-739, 2015 U.S. Dist. LEXIS 39324, at *25-26 (E.D. Tex. Mar. 10, 2015) *affirmed by* 2016 U.S. App. LEXIS 12643 (5th Cir. Jul. 7, 2016).

[99] *Michels v. Safeco Ins. Co. of Indiana*, No. A-12-CA-511-SS, Slip Op. at p. 9 (W.D. Tex. March 13, 2013) *affirmed by* 544 Fed. Appx. 535, 542-543 (5th Cir. 2013).

that TPPCA claims must be dismissed—as a matter of law.[100]  As one legal article characterized it, *Graber* is an "outlier."[101]  *Graber* was voluntarily dismissed by the Plaintiff before an appeal of the District Court's interlocutory order.

**B.**    ***Graber* relies on distinguishable authority that did not involve appraisal.**

*Graber* relied on *Higginbotham v. State Farm Mutual Automobile Ins. Co.*[102] to disregard a long line of cases finding that timely payment of an appraisal award precludes a prompt payment claim.  But *Higginbotham* is distinguishable because it was not an appraisal case and the insurer in that case was found liable for breach of contract by a jury after it denied a claim.[103]  The distinction is crucial.  Not only was there no finding of State Farm's liability in *Graber*—there was actually a finding that State Farm was not liable to the Plaintiff for breach of contract when the Court granted State Farm's motion for summary judgment on the plaintiff's breach of contract claim.  The Fifth Circuit recently explained in *Tremago* that

---

[100]  *Anderson*, 2016 Tex. App. LEXIS 6538, at *13; *Bernstein v. Safeco Ins. Co. of Ill.*, No. 05-13-01533-CV, 2015 Tex. App. LEXIS 6699, at *3 (Tex. App.—Dallas, June 30, 2015, no pet.); *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563-64 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Amine v. Liberty Lloyds of Tex. Ins.*, No. 01-06-00396-CV, 2007 Tex. App. LEXIS 6280, at *13-15 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Breshears*, 155 S.W.3d at 343.

[101]  Brad E. Brewer & James W. Holbrook, II, *Graber v. State Farm Is a Texas Prompt Payment Outlier*, Law 360, August 10, 2015, http://www.law360.com/articles/686001/graber-v-state-farm-is-a-texas-prompt-payment-outlier  (last visited July 28, 2016).

[102]  103 F.3d 456 (5th Cir. 1997).

[103]  *Id.* at 461.

when there is no prospect for a finding of liability for breach of contract,

*Higginbotham* is inapposite:

> Here, there has been no such liability determination. Similarly, this court has made clear that an insurer was liable under the Prompt Payment Act "when it was found liable for breach of contract." Higginbotham v. State Farm Mutual Automobile Ins. Co., 103 F.3d 456, 461 (5th Cir. 1997). Since Euler has never been found liable for breach of contract, nor will it ever face such a liability determination because the breach of contract claim was settled, these cases are inapposite. Summary judgment on Continental's Prompt Payment Act claim was appropriate.[104]

*Tremago* is consistent with *Higginbotham* in that a good faith defense will not avoid statutory penalties "as long as the insurer is ***finally judged liable***."[105] *Tremago* is also consistent with earlier Fifth Circuit law recognizing (under a predecessor statute) that "the penalty is due if the Insurer is ***ultimately held liable*** on the policy."[106] Because there was no final judgment of liability under the insurance contract against State Farm, and never could be since the contract claim

---

[104] *Tremago, L.P. v. Euler-Hermes Am. Credit Indem. Co.*, 602 Fed. Appx. 981, 983-84 (5th Cir. 2015) (emphasis added).

[105] *Higginbotham*, 103 F.3d at 461 (citing *Key Life Ins. Co. of S.C. v. Davis*, 509 S.W.2d 403, 405 (Tex. Civ. App.—Beaumont 1974, no writ)) (emphasis added); *see also Cater v. United Servs. Auto. Ass'n,* 27 S.W.3d 81, 84 (Tex. App.—San Antonio 2000, pet. denied) ("The Fifth Circuit [in *Higginbotham*] recognized that courts that interpreted article 3.62 [the predecessor of art. 21.55] consistently found that an insurance company's good faith defense did not relieve the insured from liability for damages for late payment, as long as the insurer is ***finally found liable for the claim***.") (emphasis added).

[106] *Lumbermens Mut. Cas. Co. v. Klotz*, 251 F.2d 499, 509 (5th Cir. 1958) (emphasis added).

was dismissed by summary judgment, the Court in *Graber* should have dismissed the plaintiffs' TPPCA claim.

### C. The facts here are distinguishable from *Graber*.

The *Graber* court explained it was not holding "that payment of an appraisal award automatically establishes an insurer's liability for [a TPPCA] claim."[107] The court's ruling hinged (incorrectly) on language in State Farm's letter issuing payment of the appraisal ***award*** that said "the cost to repair or replace those items of damage that State Farm has determined *are covered by the Homeowners polic*y."[108] Contrary to *Higginbotham* and *Tremago*, the district court incorrectly concluded this language was evidence of State Farm's "liability" for purposes of the TPPCA. Thus, the key fact in Graber that lead to the Court's erroneous decision is not present in this case. State Farm's letter issuing payment of the appraisal award does not contain any language "accepting coverage" based on the award.[109] State Farm paid the appraisal award to resolve the claim—which is the purpose of appraisal.[110]

---

[107] *Graber*, 2015 U.S. Dist. LEXIS 77361, at *25, n.3.

[108] *Id.*

[109] CR 183 (Letter Tendering Payment of Appraisal Award).

[110] *Scalise*, 2013 U.S. Dist. LEXIS 179692, at *11.

### D. Garcia has not raised a fact issue.

Garcia argues that the evidence demonstrates State Farm is liable under the TPPCA.[111] That is not the case. State Farm timely investigated Garcia's claim. The claim was reported January 22, 2015, and State Farm contacted Garcia on the same day.[112] The parties scheduled an inspection of Garcia's dwelling on February 26, 2015.[113] State Farm sent Garcia its estimate on March 2, 2015, within two business days of inspecting Garcia's property.[114] There was no violation of any of the provisions of Chapter 542.

## VI. Without a valid breach of contract claim, all of Garcia's extra-contractual claims fail.

The general rule in Texas is that an insured cannot prove a bad faith claim absent a breach of contract.[115] In *Liberty National Fire Insurance. Co. v. Akin,*[116] the Texas Supreme Court cited with approval its earlier decision in *Republic Insurance Co. v. Stoker* and held that an insured cannot prevail on a bad faith claim without first showing a breach of contract.[117] In *Stoker,* the Supreme Court noted the only recognized exceptions to this rule are if the insurer "commit[s] some act,

---

[111] Appellant's Brief at p. 29.

[112] CR 139.

[113] CR 139; 142-43.

[114] CR 141.

[115] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).

[116] 927 S.W.2d 627 (Tex. 1996).

[117] *Id.* at 629.

so extreme, that would cause injury independent of the policy claim" or fails "to timely investigate the insured's claim."[118] The Fifth Circuit—in *Blum's*—adopted *Akin* and *Stoker* in an appraisal case.[119]

Garcia argues that the *Stoker* independent injury exception does not apply in this case because the claim was covered.[120] This argument has been expressly rejected in an appraisal case:

> Plaintiffs argue that the *Akin* rule generally prohibiting bad faith claims without a breach of contract should be limited to cases where in fact there is no insurance coverage. Such a distinction has not been found in the Texas cases and appears entirely unwarranted, especially in light of the Fifth Circuit's persuasive opinion applying the *Akin* rule in *Blum's Furniture*. The court there held that the insured raised no genuine issue of material fact on its bad faith claims when the insurer, as here, did not deny coverage and paid the appraisal amount, which the insured accepted.[121]

Garcia relies on *United National Insurance Co. v. AMJ Investments, LLC* to argue that the *Stoker* independent injury exception does not apply to her.[122] But *AMJ* was not an appraisal case. In that case, the insured succeeded on its breach of contract claim at trial. Here, Garcia's contract claim is barred by State Farm's timely payment of the appraisal award. *AMJ* is inapposite. It does not hold that

---

[118] *Stoker*, 903 S.W.2d at 341.

[119] *Blum's*, 459 Fed. Appx. at 368.

[120] Appellant's Brief at p. 31.

[121] *Burks*, 2015 U.S. Dist. LEXIS 88729, at *12 (citations omitted).

[122] 447 S.W.3d 1, 11–12 (Tex. App.—Houston [14th Dist.] 2014, pet dism'd).

when a breach of contract claim fails, the insured may recover for bad faith without proving independent injury.

Garcia also cites *USAA Texas Lloyds Co. v. Menchaca*, but that case did not involve the payment of an appraisal award.[123] And it squarely conflicts with the Texas Supreme Court's holding in *Provident Am. Ins. Co. v. Castaneda* that a failure to properly investigate cannot support an award of policy benefits.[124] The persuasive value of *Menchaca* is also highly questionable because it is currently pending before the Texas Supreme Court, where briefing on the merits has been requested.

Garcia points out that an independent injury exception case had been certified to the Texas Supreme Court.[125] But the *Deepwater Horizon* case has been dismissed by agreement.[126] Even if settlement had not rendered Garcia's reliance on the case moot, that case is distinguishable because it is not an appraisal case and the court found the insurance company breached the contract by denying policy benefits.

---

[123] No. 13-13-00046-CV, 2014 Tex. App. LEXIS 8250 (Tex. App.—Corpus Christi July 31, 2014, pet. filed) (mem. op.).

[124] 988 S.W.2d 189, 198 (Tex. 1998).

[125] Appellant's Brief at p. 52.

[126] *Cameron Int'l Corp. v. Liberty Ins. Underwriters, Inc. (In re Deepwater Horizon)*, 807 F.3d 689 (5th Cir. 2015) (dismissed by agreement).

Garcia mischaracterizes an interlocutory order in *Cavazos v. State Farm Lloyds*[127] as rejecting the independent-injury rule.[128] Judge Alvarez did not decide the issue in *Cavazos*; she only noted that the *Deepwater Horizon* case had been certified.[129] But she also noted that the breach of contract claim survived, which impacted the decision.[130] In fact, Judge Alvarez has followed *Blum's* and the application of the *Stoker* independent injury exception in other appraisal cases, dismissing extra-contractual claims by summary judgment:

> In light of the Court's determination regarding the breach of contract claim, Plaintiffs' common law or statutory bad faith claims survive the summary analysis only if Plaintiffs raise a genuine issue of material fact as to either of two exceptions recognized in *Republic Ins. Co. v. Stoker*: (1) the insurer's failure to timely investigate the insured's claim; or (2) the insurer's commission of "some act, so extreme, that would cause injury independent of the policy claim." The end result, recognized by the Fifth Circuit in *Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, is that a plaintiff "cannot maintain an action for bad faith where the breach of contract claim fails, and neither exception applies."[131]

And even after *Cavazos*, Judge Alvarez continues to dismiss extra-contractual claims based on *Blum's* and *Stoker*, and rejects parties' attempts to rely

---

[127] No. 7:14-CV-395, 2015 U.S. Dist. LEXIS 163287 (S.D. Tex. Dec. 4, 2015).

[128] Appellant's Brief at p. 32.

[129] *Cavazos*, 2015 U.S. Dist. LEXIS 163287, at *15.

[130] *Id.* at *14-15.

[131] *Caso*, 2014 U.S. Dist. LEXIS 15279, at *25-26; *see also Gabriel*, 2013 U.S. Dist. LEXIS 186032, at *15-22.

on *Cavazos*, as Garcia does.[132]  Other courts in the Southern District have also rejected Garcia's argument that she does not have to show independent injury.[133] The Houston Court of Appeals in *Anderson* also applied *Stoker* in a recent appraisal case.[134]

Garcia's statutory claims against State Farm and adjuster Garza under Chapter 541 of the Texas Insurance Code and under the DTPA fail for the same reasons.  Numerous courts have recognized that these statutory claims are reviewed under the same standard as a common law bad faith claim, and require the same predicate for recovery.[135]  "When an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, all asserting a wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no

---

[132] *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2016 U.S. Dist. LEXIS 13355, at *17 n.71 (S.D. Tex. Feb. 4, 2016); *Dizdar v. State Farm Lloyds*, No. 7:14-CV-664, 2016 U.S. Dist. LEXIS 20871, at *18-19 n.75 (S.D. Tex. Feb. 22, 2016); *Dizdar v. State Farm Lloyds*, No. 7:14-CV-514, 2016 U.S. Dist. LEXIS 49839, at *16-17 n.67 (S.D. Tex. Apr. 13, 2016).

[133] *Burks*, 2015 U.S. Dist. LEXIS 88729, at *11-15; *Scalise*, 2013 U.S. Dist. LEXIS 179692, at *20-23; *Russell*, 2014 U.S. Dist. LEXIS 143882, at *18-22; *Mag-Dolphus, Inc.*, 906 F. Supp. 2d at 649-50; *Barry*, 2015 U.S. Dist. LEXIS 40953, at *11-14.

[134] *Anderson*, 2016 Tex. App. LEXIS 6538, at *15.

[135] *See Anderson*, 2016 Tex. App. LEXIS 6538, at *18; *Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, pet. denied); *Spicewood Summit Office Condominiums Ass'n, Inc. v. Amer. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 468 (Tex. App.—Austin 2009, pet. denied); *Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (holding Texas courts have ruled DTPA and Insurance Code claims require same predicate for recovery as bad faith causes of action).

liability on either statutory claim."[136] Here, there is no merit to Garcia's bad faith claim.

Garcia conflates the independent injury issue in her discussion of the claims against adjuster Garza, arguing that because adjuster Garza had no contract with Garcia, those claims survive. They do not. They were, as State Farm alleged, derivative of, and based on the same facts asserted against State Farm.[137] Garcia alleged no specific conduct by adjuster Garza that caused an independent injury.[138] Allegations, like Garcia's, that an adjuster assigned to a claim did not thoroughly investigate the claim and conducted an outcome-oriented investigation do not establish a valid cause of action against the adjuster individually.[139] Absent an independent injury, Garcia has no bad faith or statutory claims against State Farm or adjuster Garza.[140]

---

[136] *Anderson*, 2016 Tex. App. LEXIS 6538, at *18 (quoting *O'Quinn v. Gen. Star Indem. Co.*, No. 1:13-CV-471, 2014 U.S. Dist. LEXIS 107484 (E.D. Tex. Aug. 5, 2014)).

[137] CR 70; *see also* CR 234-39 (First Amended Petition).

[138] CR 234-39 (First Amended Petition).

[139] *Walters v. Metro Lloyds Ins. Co.*, 4:16-CV-307, 2016 U.S. Dist. LEXIS 91244, at *7 (E.D. Tex. July 14, 2016).

[140] Confusingly, Garcia cites *Waite Hill Services, Inc. v. World Class Metal Works, Inc.*, 959 S.w.2d 182 (Tex. 1998) and *Vail v. Texas Farm Bureau Mutual Ins. Co.*, 754 S.W.2d 129 (Tex. 1988), in support of her argument that she can recover policy benefits from adjuster Garza individually. Appellant's Brief at p. 34. But both of those cases involved claims <u>only</u> against an insurance company; neither case involved an individual adjuster defendant. The cases do not support Garcia's argument.

There is no independent injury, and Garcia does not argue that there is. "Here, [Garcia] has made only those fairly routine allegations of a substandard (albeit timely) investigation and initial undervaluation of [her] covered claim, the entirety of which was timely paid upon issuance of the appraisal award."[141] Garcia's extra-contractual claims are foreclosed by the timely payment of the appraisal award.

## CONCLUSION AND PRAYER

Texas law is settled that payment of an appraisal award resolves an insured's claims. Here, as in many other cases in state and federal courts in Texas, the trial court properly disposed of the resolved claims by summary judgment. As this Court recognized in *Providence Lloyds Ins. Co. v. Crystal City I.S.D.*, it would have been error to allow the claims to proceed to trial after the appraisal award was paid.[142] Garcia cannot circumvent settled Texas law by her technical, procedural arguments to delay summary judgment. The denial of her continuance request was not appealed. And Texas law did not require State Farm to reset the summary judgment hearing in order to modify or supplement its motion after Garcia amended her petition to add the new defense that the award should be set aside. The summary judgment grounds before the Court were already broad enough to

---

[141]   *Scalise*, 2013 U.S. Dist. LEXIS 179692, at *22-23.
[142]   *Providence Lloyds Ins. Co.*, 877 S.W.2d at 875.

include, and in fact were based upon, the validity of the paid appraisal award. There was no error. The trial court's judgment should be affirmed.

State Farm and adjuster Garza pray that the Court affirm the trial court's take-nothing judgment against Garcia and that State Farm and adjuster Garza be awarded all other relief to which they are entitled.

Respectfully submitted,

**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas 78701
512-370-2854 telephone
512-370-2850 telecopier

By: */s/ Elliot Clark*
    Linda J. Burgess    SBN 03381300
    Elliot Clark    SBN 24012428

Dan K. Worthington    SBN 00785282
Sofia A. Ramon    SBN 00784811
Elizabeth Cantu    SBN 24013455
**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 telephone
(956) 686-6109 telecopier

**ATTORNEYS FOR APPELLEES**

## CERTIFICATE OF COMPLIANCE

I certify that the word count for this filing, excluding portions of the brief that need not be counted under Rule 9.4(i)(1) and including the Introduction at is 9,757 according to the Microsoft Word 2010 word count feature, within the 15,000 word limit set for merits briefing by Rule 9.4(i)(2)(B).

*/s/ Elliot Clark*
Elliot Clark

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court and same was sent to the following counsel of record.

Bernie Kray
bkray@anglawfirm.com
Troy A. Glander
M. Alex Nava
**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
serveone@anglawfirm.com
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
(210) 305-4220 – Phone
(210) 305-4219 – Fax

*/s/ Elliot Clark*
Elliot Clark

4827-2867-6404v.3 25249-698