**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2012

No. 11-20221
Summary Calendar

Lyle W. Cayce
Clerk

BLUM'S FURNITURE COMPANY, Inc.

Plaintiff-Appellant,

v.

CERTAIN UNDERWRITERS AT LLOYDS LONDON

Defendant-Appellee,

Appeal from the United States District Court
for the Southern District of Texas
4:09-CV-3479

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

## FACTS AND PROCEDURAL BACKGROUND

Certain Underwriters at Lloyds London ("Lloyds") issued to Blum's Furniture Company ("Blum's") an insurance policy, number PUC 102524 ("policy"), covering its business property. During Hurricane Ike in 2008, the insured's building and contents (collectively "the property") sustained extensive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20221

damage.  On September 17, 2008, Blum's submitted its claim under the policy to Lloyds.

On September 26, 2008, T.M. Mayfield & Company, an independent insurance claims adjuster hired by Lloyds, inspected the property.  After conducting its inspection, T.M. Mayfield & Co. forwarded to Lloyds a detailed report containing an estimate for payment of Blum's claim.  On October 28, 2008, Lloyds requested a proof of loss in exchange for payment of $50,000.00.  Less than a year after Hurricane Ike, Lloyds obtained a second estimate from BelforUSA.  Upon receiving BelforUSA's report, Lloyds adjusted the claim and paid Plaintiff approximately $300,000.00.  Plaintiff accepted this payment, but invoked the appraisal provision under the policy on August 10, 2009.

According to the appraisal provision, if the parties to the policy disagreed on the value of the property loss, either party may make written demand for an appraisal of the loss.  In the event that a party demands appraisal, each party will select its own impartial appraiser.  If the selected appraisers cannot agree on the value of the loss, the two appraisers will select an umpire to whom the differences will be submitted.  Once an umpire has been selected, an agreement on the amount of loss by the umpire and either appraiser will be binding.  However, Lloyds still retained its right to deny the claim.

Less than one month later, Blum's filed this lawsuit in Texas state court asserting causes of action for breach of contract, fraud, conspiracy, and common law and statutory bad faith claims.  Lloyds then removed the lawsuit to federal court and asserted the defense of estoppel based on the appraisal procedure.

Meanwhile, the appraisal process continued.  Each party selected an appraiser who inspected the property and issued estimates of damage.  When the appraisers could not agree on the proper value of the damage, they selected an umpire as required under the policy.  After more than one year spent in the

No. 11-20221

appraisal process, the umpire ultimately issued an award for damage to the property exceeding $1,000,000.

Thereafter, Lloyds issued two checks to Blum's for the appraisal amount, less amounts already paid and other deductions provided for by the policy. Blum's accepted Lloyds's payment of the appraisal amount, but continued to pursue the breach of contract and extra-contractual claims.

Following the close of discovery, Lloyds filed its motion for summary judgment. The district court granted Lloyds' motion for summary judgment, finding that "when an insurer makes timely payment of a binding and enforceable appraisal award, and the insured accepts that payment, the insured is 'estopped by the appraisal award from pursuing a breach of contract claim the insure[r][sic].'" *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 2011 WL 819491, *1, *3 (S.D. Tex. 2011) (citing *Franco v. Slavonic Mut. Fire Ins. Co.*, 154 S.W.3d 777, 787 (Tex. App. 2004)). Based on this holding, the district court found that an insured cannot maintain a common law and/or statutory bad faith claim where the breach of contract claim fails, unless the insurer's actions fall within one of the recognized exceptions, to which Blum's has failed to present any evidence. *Id.* at *3-*5.

Aggrieved by the district court's grant of summary judgment, Blum's appealed.

## STANDARD OF REVIEW

This court reviews a district court's grant or denial of summary judgment *de novo. Dunn–McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 630 F.3d 431, 435 (5th Cir.2011). Summary judgment may be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The moving party bears the burden of identifying an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining

3

No. 11-20221

whether summary judgment is appropriate, the evidence and factual inferences drawn therefrom are to be viewed in a light most favorable to the non-movant, and all reasonable doubts about the facts should be resolved in favor of the non-movant. *Boston Old Colony Ins. v. Tiner Associates Inc.*, 288 F.3d 222, 227 (5th Cir. 2002).

Where, as here, jurisdiction is based upon diversity, this court applies the law of the forum state. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). Accordingly, Texas substantive law controls. In the absence of a final decision by the Texas Supreme Court addressing the issue at hand, this court must determine, in its best judgment, how the state's highest court would resolve the issue if presented with it. *Id.* Because the Texas Supreme Court has not addressed the issue at hand, we must make an "Erie guess." *Id.* at 191-192.

## DISCUSSION

In this case, Blum's raises two issues challenging the district court's grant of summary judgment in favor of Lloyds. These issues, however, hinge upon the same argument – that Lloyds breached its duty of good faith and fair dealings with Blum's by failing to promptly pay the full policy claim.

In *Liberty Nat'l Fire Ins. Co. v. Akin*, the Texas Supreme Court recognized that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." 927 S.W.2d 627, 629 (Tex. 1996). The only recognized exceptions to this rule are if the insurer "commit[s] some act, so extreme, that would cause injury independent of the policy claim," or fails "to timely investigate the insured's claim." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).

Under Texas law, when an insurer makes timely payment of a binding and enforceable appraisal award, and the insured accepts the payment, the insured is "estopped by the appraisal award from maintaining a breach of contract claim

against [the insurer]." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 787 (Tex. App. 2004).

According to Blum's, because the appraisal award was greater than the initial payment made by Lloyds (approximately $300,000), Lloyds' final payment of the claim was untimely and constituted a breach of contract. Lloyds argues that Blum's cannot use the difference in the appraisal award and initial payment as evidence of a breach of contract. *See Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App. 2004) ("The Breshears may not use the fact that the appraisal award was different than the amount originally paid as evidence of breach of contract, especially when the contract they claim is being breached provides for resolution of disputes through appraisal.").

Here, it seems clear that Lloyds did not breach its contract with Blum's. Blum's made a claim, Lloyds inspected the property, obtained estimates on the amount of damage, and made an initial payment to Blum's. When Blum's disputed the amount paid, it invoked the appraisal process to have independent appraisers determine the amount of covered loss. Upon the conclusion of the appraisal process, Lloyds paid the difference between the appraisal award and the initial payment. Furthermore, the district court found that "it is undisputed that Lloyds paid the appraisal amount in a timely manner after the award was issued," and that "Blum's accepted that payment." *Blum's Furniture Co.*, 2011 WL 819491, at *3. Therefore, we find that Blum's has failed to present any evidence which would establish a genuine issue of material fact regarding its breach of contract claim against Lloyds.

As stated above, "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Akin*, 927 S.W.2d at 629. The only recognized exceptions to this rule are if the insurer "commit[s] some act, so extreme, that would cause injury independent

of the policy claim," or fails "to timely investigate the insured's claim." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).

Here, Blum's argues that because the initial payment made by Lloyds was less than the appraisal award, Lloyds' failure to pay the full amount of the claim constituted an act, so extreme, that caused injury independent of the policy claim. Lloyds contends that, based on the general rule, Blum's cannot maintain an action for bad faith where the breach of contract claim fails, *Akin*, 927 S.W.2d at 629, and neither exception applies. *Stoker*, 903 S.W.2d at 341.

Blum's, however, would have this court believe that it suffered additional damages because Lloyds initially paid only a portion of the entire claim thereby forcing Blum's to invoke the appraisal process. To the contrary, Lloyds began investigating Blum's claim nine days after Blum's submitted its claim. Lloyds inspected the property damage and obtained estimates from two adjusters. Based on these estimates, Lloyds adjusted the claim and paid Blum's approximately $300,000.00. Because Blum's disagreed with the amount of payment, it invoked the appraisal provision.

It is undisputed that the appraisal process can only determine the value of damages, while liability is left for the courts to decide. *See, e.g., In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. May 6, 2011). However, at no time during the claims process did Lloyds dispute the issue of coverage. Once the appraisal process concluded with an award to Blum's, Lloyds made payment of that amount and Blum's accepted. Based on the evidence presented, Blum's has failed to establish a genuine issue of material fact regarding its bad faith claims against Lloyds.

## CONCLUSION

Based on the foregoing analysis, the judgment of the district court is AFFIRMED.