**REVISED September 27, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-10350
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2017

Lyle W. Cayce
Clerk

MAINALI CORPORATION,

     Plaintiff - Appellant

v.

COVINGTON SPECIALTY INSURANCE COMPANY; ENGLE MARTIN & ASSOCIATES, INCORPORATED; LYNN SUMMERS,

     Defendants - Appellees

———————

Appeal from the United States District Court
for the Northern District of Texas

———————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

A fire damaged a gas station and convenience store owned by Mainali Corporation. Mainali filed a claim with its property insurer, Covington Specialty Insurance Company, which paid the claims based on an independent adjuster's estimates. Mainali thought it was owed more, so it sued Covington for breach of contract, breach of the duty of good faith and fair dealing, fraud, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. After a full appraisal process, a panel's appraisal award was less than Covington had already paid to Mainali under the insurance policy.

No. 17-10350

But Covington did pay a relatively small additional sum to ensure its payments were consistent with the way the appraisal panel allocated the losses. The district court granted summary judgment for Covington on all of Mainali's claims. The key issue we decide involves the application of the Prompt Payment of Claims Act to payments of an award pursuant to an appraisal process. For the reasons that follow, we AFFIRM.

## I.

Mainali owned a gas station and convenience store (the Property) in Decatur, Texas. Covington insured Mainali's Property. The commercial package insurance policy included coverage for the building, associated business personal property, the gas and fuel pumps, the gas station's canopy and awnings, and lost business income. It also provided for payment of loss on an actual cash value basis—that is, with deduction for depreciation—and required payment of the depreciation holdback or full replacement cost value only if the insured repaired or replaced the property.

In April 2014, a fire damaged Mainali's Property. The following day, Mainali notified Covington of the fire. Three days after the fire, Covington sent Lynn Summers, an independent adjuster, to investigate Mainali's claim. Over the course of several payments made from May 2014 through January 2015, Covington paid Mainali $389,255.59 using an actual cash value basis.

Mainali disputed this calculation. And in March 2015, about two months after Covington's last payment, Mainali filed suit against Covington and Summers in state court. Covington removed the lawsuit to federal court and then exercised its right of appraisal under the policy. As a result, Covington and Mainali each designated an appraiser, and the two appraisers agreed on an umpire. The appraisal panel issued an appraisal award of $387,925.49 as actual cash value and a replacement cost value of $449,349.61. The former was the relevant figure as Mainali did not repair or replace the Property. The

No. 17-10350

appraisal award provided that it was "inclusive of all FIRE damages sustained to the insured property" and was the sum of three types of losses: Building, Contents, and Business Interruption. Although Covington had already paid more than the total amount the appraisal panel said it owed, it paid an additional $15,175.82 for the building allocation after the panel announced its award.

Covington and Summers subsequently moved for summary judgment on Mainali's claims. They argued that under Texas law, the timely payment of the appraisal award precluded liability on Mainali's breach of contract and extracontractual claims. Mainali responded that the appraisal award was incomplete because it did not expressly include any amounts for fuel and gas pumps, the gas station's canopy and awnings, or code upgrades. As for its extracontractual claims, Mainali pressed only its claim under the Prompt Payment of Claims Act in Chapter 542 of the Texas Insurance Code. It argued the postappraisal payment was subject to that Act's interest penalties for payments made more than 60 days after the insurer receives necessary documentation from the insured. The district court granted Covington's motion.

## II.

Mainali first challenges the district court's grant of summary judgment on the breach of contract claim. Under Texas law, "appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award." *Franco v. Slavonic Mut. Fire Ins. Ass'n-CIC*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.). "The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 472 (5th Cir. 2013)

(quoting *Lundstrom v. United Servs. Auto. Ass'n*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)).  Courts have thus repeatedly rejected breach of contract claims when an insurer timely paid an appraisal award.  *See, e.g.*, *Quibodeaux v. Nautilus Ins. Co.*, 655 Fed. App'x 984, 986–87 (5th Cir. July 7, 2016); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 Fed. App'x 366, 368–69 (5th Cir. Jan. 24, 2012); *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 2017 WL 2258243, at *3–4 (Tex. App.—Houston [14th Dist.] May 23, 2017, no pet. h.); *Garcia v. State Farm Lloyds*, 514 S.W.3d 257, 273–74 (Tex. App.—San Antonio 2016, pet. denied).  Indeed, Texas law recognizes only three situations that allow a court to set aside an appraisal award: "(1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy." *Franco*, 154 S.W.3d at 786.

Apparently relying on the third exception to breathe life into his breach of contract claim, Mainali contends that the appraisal award was incomplete because it "excludes" damage to items covered by the policy: fuel and gas pumps, the gas station's canopy and awnings, and code upgrade costs.  But Mainali cites nothing in the record showing these items were not included.  It is Mainali's burden to identify such evidence in order to overcome summary judgment given that the appraisal award states that it "is inclusive of all FIRE damages sustained to the insured property" (and shows code upgrade costs were included in the building loss calculation).  Its failure to do so means there is no disputed issue of material fact, and the appraisal award will not be set aside.

## III.

We next address Mainali's prompt payment claim under Chapter 542 of the Texas Insurance Code.  TEX. INS. CODE §§ 542.051 *et seq.*  Section 542.058 of the statute requires the insurer to pay the policyholder's claim within 60

No. 17-10350

days of receiving all documentation needed to resolve the claim.  If the insurer does not do so, it is liable for an 18% penalty on the amount that was not timely paid, plus attorney's fees.  *Id.* § 542.060.

We must decide whether a payment made to comply with an appraisal award, which in most if not all cases is going to be paid after the 60-day window, is subject to this penalty.  No reported Texas case has ever subjected such a payment to the statute.  Earlier this year, a state court of appeals held that "full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions." *Hurst*, 2017 WL 2258243 at *5 (citing *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.—Houston [14th Dist.] 2010, no pet.), *overruled on other grounds by In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404 (Tex. 2011)); *see also Garcia*, 514 S.W.3d at 274–75; *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344–45 (Tex. App.—Corpus Christi 2004, pet. denied). We recently held the same.  *Quibodeaux*, 655 Fed. App'x at 988 (5th Cir. 2016) (holding that a "plaintiff may not seek Chapter 542 damages for any delay in payment between an initial payment and the insurer's timely payment of an appraisal award"); *see also Blum's Furniture Co.*, 459 Fed. App'x at 368–69; *McEntyre v. State Farm Lloyds, Inc.*, 2016 WL 6071598, at *6 (E.D. Tex. Oct. 17, 2016).

Mainali does find support for its view in one district court decision.  *See Graber v. State Farm Lloyds*, 2015 WL 3755030 (N.D. Tex. June 15, 2015).  The most fundamental problem with *Graber* is that it did not recognize an *Erie* court's duty to follow state courts' interpretation of state law rather than the interpretation the federal court thinks makes the most sense.  *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 165 (5th Cir. 2016) (explaining that on a state law question "we must defer to the prevailing view of the state intermediate courts, even more so if that view is uniform, unless convinced by other

persuasive data that the highest court of the state would decide otherwise . . . ." (quotation and citation omitted)).  Further, the primary authority *Graber* relied on was the rejection of a "good faith" defense to the Prompt Payment of Claims Act in a nonappraisal case.  *Graber*, 2015 WL 3755030 at \*10 (citing *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997)).  *Higginbotham* considered an insurer's outright rejection, based on a reasonable defense, of a claim rather than an alleged underpayment followed by a timely postappraisal payment.  *See* 103 F.3d at 458, 461.  The different situation in which that ruling arose is not enough to divine that the Supreme Court of Texas would disagree with all the lower courts in the state that have addressed the issue in the context of postappraisal payments.  Covington was not trying to avoid payment of the claim; it was invoking a contractually agreed to mechanism for assessing the amount it owed.

We must defer to the view of the Texas courts that have confronted the same question this case poses.  *Breshears*, 155 S.W.3d at 345 ("The Breshears also argue that by invoking the appraisal process, State Farm did not notify them as to whether it intended to pay their claim within the time required by the code.  We disagree.").  At a minimum under those state court decisions, there is no statutory violation because Covington made a preappraisal award that was undeniably reasonable.  *Id.* (rejecting prompt payment claim because the insurer "complied with the insurance code, and provided a reasonable payment within a reasonable time").  In fact, it was more than the panel found due ($389,255, above the awarded $387,925).  Only because of an allocation issue relating to the building award did Covington—out of an abundance of caution—issue an additional $15,175.82 to Mainali after the appraisal.  Covington did not violate the Prompt Payment of Claims Act.

**\* \* \***

The judgement of the district court is AFFIRMED.