

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00031-CV

DELLA R. PERRY, APPELLANT

V.

UNITED SERVICES AUTOMOBILE ASSOCIATION, APPELLEE

On Appeal from the County Court at Law
Coryell County, Texas
Trial Court No. CCL-15-43932, Honorable John R. Lee, Presiding

December 7, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Della R. Perry (Perry), appeals from a final judgment nunc pro tunc entered in favor of United Services Automobile Association (USAA). The judgment granted USAA's traditional motion for summary judgment upon Perry's contractual and extra-contractual claims. Those claims arose from a loss covered under a homeowner's insurance policy issued by USAA. The latter did not deny coverage. Rather, a dispute arose as to the extent of loss suffered. USAA initially issued Perry a check in the amount of $5,153 to cover the loss. Nonetheless, Perry valued her loss and claim at about

$33,000. Suits were filed before Perry opted to submit the loss to an appraisal. An appraisal occurred in accordance with the terms of the policy and resulted in the issuance, on September 18, 2015, of an appraisal award valuing the loss at $14,988.76. USAA advised Perry on October 12, 2015, that it would pay the award, and two days later forwarded to her a second check in the amount of $9,335.26. Said check reflected the appraisal amount less the prior $5,153 payment and Perry's deductible. Thereafter, USAA filed its traditional motion for summary judgment contending that 1) "[b]ecause [it] complied with the requirements of the contract [by paying the loss as appraised], it cannot be found to be in 'breach' and Perry is estopped from asserting a breach of contract claim," and 2) the extra-contractual claims involving the duty of good faith and fair dealing, fraud, the Texas Insurance Code, and the Deceptive Trade Practices Act fail because it did not breach the insurance contract and Perry suffered no injury independent from the insurance contract. The trial court granted the motion and entered the aforementioned judgment. Through two issues, Perry now asserts that 1) the trial court violated the Texas constitution by granting USAA's summary judgment based on the payment of an appraisal and 2) the trial court erred when it denied statutory claims. We consider the issues in reverse order and, upon doing so, affirm.[1]

*Issue Two – Statutory Claims*

In her second issue, Perry contends that 1) the viability of her statutory claims was dependent upon whether "she was entitled to benefits" under the insurance policy, 2) the

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

Insurance Code allowed her to recover attorney's fees, and 3) appraisal clauses in an insurance policy do not preempt the Texas Insurance Code. We overrule the issue.

Perry is not urging that the trial court erred in granting summary judgment on her breached contract claim. Instead, she posits that the successful prosecution of extra-contractual claims, like those involving the failure to promptly pay a claim arising under Chapter 542 of the Insurance Code, are not dependent on a finding of breached contract. We agree. Our Texas Supreme Court recently observed that "an insurer's extra-contractual liability is 'distinct' from its liability for benefits under the insurance policy." *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499 (Tex. 2018). Yet, the court also reiterated in *Menchaca* that where an insured is entitled to policy benefits, "an insurer's statutory violation does not permit the insured to recover *any* damages beyond policy benefits unless the violation causes an injury that is independent from the loss of the benefits." *Id.* at 500. Moreover, we recently interpreted this language as meaning that "if there is no breach of contract, extra-contractual claims may still be pursued when they are not predicated on the loss being covered under the policy." *Turner v. Peerless Indem. Ins. Co.*, No. 07-17-00279-CV, 2018 Tex. App. LEXIS 4036, at *12-13 (Tex. App.—Amarillo June 5, 2018, no pet.) (mem. op.). When "benefits are paid per the contract and the insurer perform[s] its contractual obligation (i.e., has not breached the contract), an insured may . . . pursue extra-contractual causes of action but only when they are not founded upon the loss or injury allegedly covered by the policy." *Id.* In other words, the loss or injury and, therefore, the claim "must be founded on an act that caused injury independent of the policy claim." *Id.* at *13. Indeed, the circumstances in *Turner* are quite analogous to those at bar.

Like Perry, Turner sued his insurer for breached contract and statutory violations due to its purported failure to pay the entire loss. *Id.* at *1. As did USAA here, Peerless acknowledged that its insured was owed but disagreed with his estimate of the amount owed. *Id.* So the appraisal clause within the policy was used to determine the amount of the loss. *Id.* Peerless then paid Turner the appraised sum, less applicable deductions. *Id.* Paying the appraised amount per the terms of the insurance contract effectively satisfied Peerless' contractual obligations to Turner thus vitiating his claim of breached contract. As we observed, "the appraisal and its payment serve to resolve any dispute regarding damages arising from the purported breach." *Id.* at *6. Yet, we did not conclude that because Turner had no claim for breached contract, he had no claims arising under the Insurance Code. Instead, as explained above, we acknowledged that statutory claims could exist so long as the injury or loss pursued was independent of the claim arising under the policy. That called for us to determine if Turner's statutory claims were truly independent of his policy claim.

Turner had argued that "'[i]f the claim is covered [under the policy] the insurer is bound by its statutory duties, and when the insurer breaches those duties, *the amount of benefits the insured loses out on as a result* is transformed into "legal damage" and . . . the insured may elect to recover it under the bad faith statute.'" *Id.* at *13-14. The substance of his argument was nothing more than suggesting that statutory claims may be premised on lost policy benefits even though he had received via payment of the appraisal award that for which he contracted, i.e., policy benefits. *Id.* at *14 (stating "[a]s can be seen, his argument remains focused on the benefits recoverable under the policy, which benefits have already been paid"). Yet, his injury could not be so predicated on

4

policy benefits he received; "[i]t must be independent of what he claims he lost 'out on' under the policy." *Id.* Because it was not, we concluded that the trial court did not err in granting summary judgment upon Turner's statutory claims. *Id.*

Coincidentally, Perry seems to be making here an argument rather identical to that proffered by Turner. She tells us that: 1) "what matters for purposes of causation under the statute is whether the insured was entitled to receive benefits under the policy"; 2) "the absence of a 'breach' [of contract] is not dispositive of the issue of whether an insured has valid claims against an insurer for violations of the Texas Insurance Code and/or DTPA"; 3) "[t]he focus is not on whether the insurer 'breached' the contract"; 4) "the focus is, and always should have been on whether the insured was 'entitled to benefits' under the policy"; and 5) "[i]f the insured alleges and has evidence that the insured was entitled to benefits under the policy, and the insurer's statutory violations caused appellant to lose those benefits, the insured can recover for those statutory violations." These propositions do nothing more than suggest that lost policy benefits may give rise to statutory violations. Assuming *arguendo* that this may be true if those benefits were actually lost because the insurer failed to perform its contractual obligations (i.e., breached the insurance policy), it is not when the insurer performs them. In that circumstance, the insured received the benefits afforded her under the policy. To the extent Perry seeks other damages via her statutory claims, those damages must arise from an injury distinct from the policy benefits to which she was entitled and received. And, the only purported independent injury to which she now refers on appeal arises from the alleged failure of USAA to accept or reject her insurance claim within the time periods specified by statute.

5

The statute in question is euphemistically known as the "Prompt Payment of Claims Act" and found in Chapter 542 of the of the Insurance Code.[2] Yet, authority holds that the full and timely payment of an appraisal award under the policy bars an insured from recovering penalties under that Act, as a matter of law. *Marchbanks v. Liberty Ins. Corp.*, __ S.W.3d __, __, 2018 Tex. App. LEXIS 6692, at *6 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018, pet. filed); *Zhu v. First Cmty. Ins. Co.*, 543 S.W.3d 428, 437 (Tex. App.—Houston [14th Dist.] 2018, pet. filed); *Garcia v. State Farm Lloyds*, 514 S.W.3d 257, 275 (Tex. App.—San Antonio 2016, pet. denied); *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258-59 (5th Cir. 2017); *accord Amine v. Liberty Lloyds of Tex. Ins. Co.,* No. 01-06-00396-CV, 2007 Tex. App. LEXIS 6280, at *12-15 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.) (mem. op.) (explaining why payment of an appraisal award bars prompt payment claims).[3] This is so because recovery upon a prompt payment claim is dependent upon the insured obtaining judgment establishing that the insurer was liable upon the claim. *See Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001) (involving the predecessor to Chapter 54 and stating that to recover

---

[2]Per § 542.056 of the Code, the insurer generally must "notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss." TEX. INS. CODE ANN. § 542.056(a) (West 2009). If it cannot accept or reject within the specified time, it "shall notify the claimant of the reasons that the insurer needs additional time" and ultimately "accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection." *Id.* § 542.056(d). If the insurer "notifies the claimant under § 542.056 that it will pay a claim or part of a claim, it shall pay the claim not later than the fifth business day after the date notice is made. *Id.* § 542.057(a). Finally, if the insurer, after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, it shall pay damages and other items as provided by § 542.060. *Id.* § 542.058(a).

[3]The holding in *Garcia* was reaffirmed most recently in *Lazos v. State Farm Lloyds*, No. 04-17-00286-CV, 2018 Tex. App. LEXIS 669 (Tex. App.—San Antonio Jan. 24, 2018, pet. filed) (mem. op.), and *Ortiz v. State Farm Lloyds*, No. 04-17-00252-CV, 2017 Tex. App. LEXIS 10395 (Tex. App.—San Antonio Nov. 8, 2017, pet. filed) (mem. op.).

upon a prompt payment claim, the insured must establish 1) a claim under the policy, 2) the insurer is liable for the claim, and 3) the insurer failed to comply with the statutory time periods); *Marchbanks*, 2018 Tex. App. LEXIS 6692, at *9 (noting that the insured cannot recover as a matter of law unless it establishes that the insurer was liable for a claim).

Here, the claim submitted by Perry and unpaid by USAA approximated $33,000. Yet, the appraisal procedure valued her claim at $14,988.76. Furthermore, Perry and USAA contractually agreed to abide by that valuation of the loss via the appraisal clause of the insurance policy. *See Hall v. Germania Farm Mut. Ins. Ass'n*, No. 07-16-00304-CV, 2017 Tex. App. LEXIS 9654, at *8-9 (Tex. App.—Amarillo Oct. 13, 2017, no pet.) (mem. op.) (recognizing that an appraisal award made pursuant to the provisions of an insurance contract is binding and enforceable and that tendering the full amount owed pursuant to the conditions of an appraisal clause is all that is required to estop the insured from raising a breach of contract claim). Having paid that award, USAA, as a matter of law, cannot be found liable for the $33,000 claim of Perry. Nor can it be found liable for neglecting to timely pay the claim for which the parties contractually agreed it would be liable.[4] Thus, the second element of a prompt pay claim, as identified by the Supreme Court in *Bonner*, cannot be satisfied. So, USAA could not have violated the Prompt Payment Act, which means, in turn, Perry suffered no independent injury relating to or compensable under the Prompt Payment Act.[5]

---

[4]Perry does not contend on appeal that USAA failed to timely pay the appraisal award.

[5]Contrary to Perry's suggestion, the appraisal clause is not preempting application of the Prompt Payment Act. It simply provides a contractually agreed upon means of determining the claim actually payable. Once determined, the insured is obligated to pay it. If paid in a timely manner, the policy underlying the Prompt Payment Act (i.e., timely payment of a claim) is satisfied.

Simply put, the sum and substance of Perry's extra-contractual claims are founded upon her belief that USAA failed to afford her the benefits of the policy. It did afford her those benefits by paying the appraisal. Unless some independent injury arising apart from the policy and benefits afforded therein exists, she has no basis for pursuing extra-contractual claims against USAA. And, because the sole purported independent injury of which she now complains (i.e., compliance with the time periods of the Prompt Payment Act) was not an injury, she had no viable extra-contractual claim.

One last argument of Perry necessitates our attention. It concerns her suggestion that she should be able to recover attorney's fees under various provisions of the Insurance Code because she hired an attorney to collect from USAA. To the extent that the Insurance Code provisions in question permit the recovery of fees, such fees are dependent upon the insured prevailing in an action against the insurer or proving its liability for a claim. *See* TEX. INS. CODE ANN. § 541.152(a)(1) (West Supp. 2018) (stating that a plaintiff who prevails in an action under this subchapter may obtain actual damages, court costs and reasonable and necessary attorney's fees); *see also id.* § 542.060(a) (stating that "if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim . . . reasonable and necessary attorney's fees"). Perry did not prevail in her action against USAA or otherwise prove the insurer was liable for her claim. Thus, USAA need not pay her attorney's fees.

We overrule issue two.

*Issue One – Usurpation of Constitutional Authority*

We next consider issue one.  Through it, Perry contends that:

the trial court held that the insurer's contractual appraisal clause contained in an adhesion contract governed the appellant's claims against the insurer for unfair and deceptive acts and practices in the insurer's handling of appellant's insurance claim. In making this ruling, the trial court expressly held that the insurer's payment of an appraisal award issued as a result of a procedure the insurer created and incorporated into its insurance policy precluded appellant from pursuing its claims under the Texas Insurance Code enacted by the Texas Legislature. The trial court's ruling renders the Texas Insurance Code irrelevant and void as it applies to property insurance claims in which the parties have invoked the privately created appraisal process contained in adhesion insurance contracts drafted by insurance companies. By its ruling, the trial court effectively enacted a new law, blessed a procedure created by insurance companies, that governs insurance claims and regulates trade practices in the business of insurance apart from the Texas Insurance Code. The trial court's ruling constitutes a judiciary's body's unconstitutional exercise of legislative power.

To the foregoing, we say the following.  Constitutional complaints must be raised below or they are not preserved for appellate review.  *See,* e.g., *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003).  Furthermore, we are precluded from reversing a summary judgment on grounds that were not expressly presented to the trial court by written motion, answer, or other response.  TEX. R. CIV. P. 166a(c); *McCollum v. Parker*, No. 07-17-00186-CV, 2018 Tex. App. LEXIS 1677, at *2-3 (Tex. App.—Amarillo Mar. 6, 2018, pet. denied) (mem. op.).  Perry does not cite, nor did we find, any place in the appellate record whereat she broached her constitutionally based argument to the trial court.  Thus, it was not preserved as a basis for reversing the trial court's summary judgment, and, therefore, we overrule the issue.

We overrule Perry's issues and affirm the summary judgment of the trial court.

Brian Quinn
Chief Justice

9